**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 5, Petitioner,**

v.

**UNITED STATES of America EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.**

**Civ. No. 67–553.**

United States District Court
W. D. Pennsylvania.

Aug. 16, 1967.

Bernard Kaplan, White, Jones & Gregg, Pittsburgh, Pa., for plaintiffs.

Gustav Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

SORG, District Judge.

## MEMORANDUM

This petition, filed by the above named Union, seeks to set aside a demand for access to evidence served on it by the Commission, respondent above named. In doing so, it invokes Section 710(c) of the Civil Rights Act, 42 U.S.C.A. Section 2000e–9(c) which provides:

"(c) Within twenty days after the service upon any person charged under Section 2000e–5 of this title of a demand by the Commission for the production of documentary evidence * * * such person may file in the district court of the United States for the judicial district in which he * * * transacts business, and serve upon the Commission a petition for an order of court modifying or setting aside such demand * * *."

The Commission's demand for certain records of the Union was made for the purpose of investigating a formal charge made against the Union by one Alfred B. Carl, Jr., that, as a member of the negro race, he was denied an opportunity to take the Union's required examination to qualify for a classification as journeyman wireman which would entitle him to membership in the Union. This formal charge, dated August 16, 1966, fixes July 27, 1965, as the date of the Union's alleged discriminatory practice. The Union contends that because this charge was not timely filed with the Commission in accordance with Section 706(d) of the Act, the Commission is without authority to conduct the investigation pursuant to which it served its demand for access to evidence. The Commission asserts that

because the formal charge was merely the culmination of a series of prior events it should serve as a proper basis for the proposed investigation. A chronology of the facts is, therefore, essential.[1]

█ █ On August 25, 1965, the Commission received a sworn statement from Carl to the effect that on July 27, 1965, (although the date of the alleged act of discrimination has been fixed as July 21, 1965) he was discriminated against as a negro. On September 3, 1965, in view of Section 706(b) of the Act, which prohibits the filing of such a charge with the Commission until sixty (60) days after appropriate state proceedings have been commenced, the Commission forwarded this communication to the Pennsylvania Human Relations Commission. Carl's statement was then reduced to a formal complaint and filed with the Pennsylvania Human Relations Commission on September 10, 1965. On December 27, 1965, the Commission, respondent herein, received a request from Carl that it assert its jurisdiction in connection with the statement previously made by him. The Commission thereupon assigned the matter Case No. 5–8–505 and so advised Carl by letter dated January 13, 1966. The Pennsylvania Human Relations Commission informed Carl on January 28, 1966, that it found no cause in the complaint filed with it. The respondent Commission caused a "formal charge" in Case No. 5–8–505, dated August 16, 1966, to be served upon the Union on December 14, 1966. The demand for access to evidence sub judice was served on the petitioner April 12, 1967. It must be concluded from the foregoing that the pertinent procedural

---

1. "706(d) A charge * * * in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) * * * shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State * * * agency has terminated the proceedings * * * whichever is earlier * * *.

706(b) In the case of an alleged unlawful employment practice occurring in a State * * * which has a State * * * law prohibiting the unlawful employment practice alleged * * * no charge may be filed * * * by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State law * * *."

provisions of the Civil Rights Act of 1964, have not been complied with. Giving effect to these procedural matters, in particular Section 706(a)[2] which requires service upon the party charged, as prerequisite to the validity of the charge filed, the Commission is deemed to be without authority to conduct an investigation with respect to it.

The only charge served upon the Union in this proceeding is obviously beyond the statutory period during which it was required to be filed—namely, within thirty (30) days after the termination of state proceedings, or within two hundred ten (210) days after the alleged unlawful practice, whichever was the earlier.

The Union's petition to set aside the demand for access to evidence will, therefore, be granted. Upon due consideration of all the evidence submitted in connection with this petition, the Union's request for counsel fees will be denied.

2. "Section 706(a) Whenever it is charged in writing under oath by a person claiming to be aggrieved * * * that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such * * * labor organization with a copy of such charge and shall make an investigation of such charge * * *."