Charles E. WASHINGTON, Plaintiff,

v.

AEROJET–GENERAL CORPORATION,
Defendant.

No. 67–1873.

United States District Court
C. D. California.

March 29, 1968.

Monroe E. Price, Beverly Hills, Cal.,
for plaintiff.

James N. Adler and Munger, Tolles,
Hills & Rickershauser, Los Angeles, Cal.,
for defendant.

DECISION, FINDINGS OF FACT,
CONCLUSIONS OF LAW AND
ORDER FOR DISMISSAL

HAUK, District Judge.

Plaintiff filed a complaint pursuant to
the Civil Rights Act of 1964 against
his employer, the defendant, seeking
money damages, attorney's fees and costs
as a result of an allegedly discriminatory
disciplinary layoff.

Defendant filed a Motion to Dismiss
pursuant to Rule 12(b) (6) of the Fed-
eral Rules of Civil Procedure, contending
that plaintiff failed to state a claim

upon which relief can be granted because of plaintiff's failure to comply with the procedural prerequisites under Title VII of the Civil Rights Act of 1964 and because plaintiff previously made a binding election of forums.

Defendant filed two affidavits in support of its Motion to Dismiss. Plaintiff filed a Memorandum in Opposition supported by copies of several relevant documents, the authenticity of which were admitted by defendant. Thereafter defendant filed a Reply Memorandum and a supplemental affidavit in support of its Motion to Dismiss.

This Court has jurisdiction of this action pursuant to Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e–5(f).[1]

The uncontested facts as set forth in the complaint, the defendant's affidavits, the documents submitted by plaintiff and as admitted by plaintiff in oral argument and in his Memorandum in Opposition are relatively simple. They are set forth chronologically below.

On September 1, 1967, plaintiff Charles E. Washington, received a written reprimand and a one-month disciplinary layoff for the use of allegedly profane, foul and threatening language towards a plant security officer. On September 5, 1967, a grievance protesting the disciplinary action taken against plaintiff was filed alleging defendant's action to have been discriminatory. The collective bargaining agreement governing plaintiff's employment was between defendant and the International Association of Machinists and Aerospace Workers and contains a provision expressly forbidding discrimination on the basis of race. On September 6, 1967, the Equal Employment Opportunity Commission (hereafter EEOC) received from plaintiff a charge alleging that he had been disciplined discriminatorily because he was a Negro. The next day, September 7, 1967, plaintiff completed a Complaint of Employment Discrimination under the California Fair Employment Practice Act, Cal. Labor Code, Sections 1410–1433, again alleging that his disciplinary layoff was the result of racial discrimination. On September 13, 1967, pursuant to the collective bargaining agreement's grievance procedures, a Third Step Hearing was held between representatives of the IAMAW and defendant. Plaintiff Washington participated in the Third Step Grievance Hearing, at the conclusion of which the grievance was settled by the company and the union agreeing, with the concurrence of plaintiff Washington, that the one-month disciplinary layoff would be reduced to nine days. Washington signified his acceptance by initialling the settlement agreement and by returning to work. On September 28, 1967, the EEOC received from the staff of the California Fair Employment Practices Commission (hereafter Cal FEPC)

[1]. 42 United States Code § 2000e–5(f):

"§ 2000e–5. *Enforcement provisions— Charges by persons aggrieved or member of Commission; copy of charges to respondents; investigation of charges; conference, conciliation, and persuasion for elimination of unlawful practices; prohibited disclosures; use of evidence in subsequent proceedings; penalties*

\* \* \* \* \*

*Jurisdiction and venue of United States courts*

(f) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

a letter stating that the case of plaintiff Washington was "scheduled to be closed" at the Cal FEPC October 1967 meeting. Also enclosed was a staff memorandum to Commissioner Ford recommending that the case be closed because of plaintiff Washington's concurrence in the settlement reached through the collective bargaining agreement's grievance procedure. On October 2, 1967, the EEOC received from plaintiff Washington a request that the EEOC "assume jurisdiction of my case at this time". On October 19 and 20, 1967, the Cal FEPC met in Los Angeles and closed the Washington—Aerojet-General matter. Plaintiff Washington did not thereafter refile with the EEOC or again ask the EEOC to assume jurisdiction over his charge. The present action was filed in this Court by plaintiff on December 29, 1967.

Based upon these undisputed facts, defendant has moved the Court, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, to dismiss the action on the ground that plaintiff has failed to state a claim upon which relief can be granted.[2]

The Court has examined the record before this Court, which includes, among other things, the plaintiff's complaint, the documents submitted by the plaintiff, and the affidavits submitted by defendant. The matter has been extensively argued by counsel, in writing and orally. The Court has reviewed all of this material and concludes that even if every alleged fact that is favorable to

plaintiff were true, such facts would not establish any cause of action for the plaintiff. On the contrary, taking all the facts alleged in the light most favorable to plaintiff, and indulging every inference in support of plaintiff's allegations, it is clear that the defendant is entitled to have its Motion to Dismiss sustained.

Now having heard the arguments and having examined all the files, documents and records herein, the cause having been submitted for decision, and the Court being fully advised in the premises, the Court renders its decision.

## DECISION

*Plaintiff failed to file a timely charge with the EEOC and thereby failed to comply with one of the procedural requisites to suit established by Title VII of the Civil Rights Act of 1964.*

Under Title VII of the Civil Rights Act of 1964 the filing of a timely charge is a prerequisite to private civil action. Not only is this clear from the specific language of Section 706 of Title VII, 42 U.S.C.A. § 2000e–5, but in its First Annual Legal Interpretations prepared by the General Counsel of the EEOC and issued by the Commission itself, it is provided:

"An individual may not file suit in a Federal District Court under Section 706(e) through (g) of Title VII [42 U.S.C.A. 2000e–5(e) through 5(g)] where he has not timely filed a charge with the Equal Employment Oppor-

---

2. Fed.R.Civ.P. 12(b) (6) :
 "Rule 12.
 DEFENSES AND OBJECTIONS—WHEN AND HOW PRESENTED—BY PLEADINGS OR MOTION—MOTION FOR JUDGMENT ON THE PLEADINGS
 \* \* \* \* \*
 (b) *How Presented.* Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of

the pleader be made by motion: \* \* \*.
(6) failure to state a claim upon which relief can be granted, \* \* \*. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." As amended Feb. 28, 1966, eff. July 1, 1966.

tunity Commission." EEOC Opin.Ltr. 4/19/66.[3]

Similarly, in Bowe v. Colgate-Palmolive Co., 272 F.Supp. 332, 338 (S.D.Ind.1967), the court held:

"[T]he Court is convinced that no action for damages or reinstatement under the Act can be maintained by those employees of defendant who failed to file timely charges with the EEOC * * *."

The provisions of Title VII with regard to when a charge of discrimination must be filed are set forth in Sections 706(b) and 706(d) of Title VII, 42 U.S. C.A. § 2000e–5(b) and 5(d). Section 706 (b) provides:

"In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State [or] local law, unless such proceedings have been earlier terminated * * *.*" (Emphasis added.) 42 U.S.C.A. § 2000e–5(b).

Section 706(d) then provides:

"[I]n the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section, such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier * * *." 42 U.S.C.A. § 2000e–5(d).

Since California has a state law prohibiting racial discrimination and providing a remedy for such discrimination, Cal. Labor Code, Sections 1410–1433, it is clear from the precise and mandatory language of the Federal Civil Rights Act quoted that before the timely charge can be filed with the EEOC alleging racial discrimination in California the aggrieved person must:

1. File a complaint with the California Fair Employment Practices Commission;[4]

2. Wait 60 days or until the Cal FEPC earlier terminates its proceedings;[5] and

3. Then file with the EEOC within 30 days after the Cal FEPC notifies the aggrieved party of its termination (or within 210 days of the alleged unlawful discrimination, whichever is earlier).[6]

The Cal FEPC did not officially dispose of plaintiff's case until its meeting on October 19 and 20, 1967, and the only matters filed by plaintiff with the EEOC were plaintiff's charge received by the Commission on September 6, 1967, and his request that the EEOC assume juris-

---

3. LRX 1892b. The full text of the First Annual Digest of Legal Interpretations of the EEOC General Counsel is found in the Labor Relations Expediter of BNA Labor Relations Reporter, generally and herein cited as "LRX".

4. See Section 706(b) of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(b); California Labor Code, Sections 1420, 1422; EEOC Decision 12/5/65, First Annual Digest of Legal Interpretations of the EEOC General Counsel, LRX 1892e.

5. See Section 706(b) of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(b); EEOC Decision 12/30/65, First Annual Digest of Legal Interpretations of the EEOC General Counsel, LRX 1892e.

6. See Section 706(d) of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(d); EEOC Decision 12/30/65, First Annual Digest of Legal Interpretations of the EEOC General Counsel, LRX 1892e.

diction received by the Commission on October 2, 1967. From these facts defendant urges that plaintiff's charge was prematurely filed and that no *timely* charge has ever been filed by plaintiff Washington. Plaintiff concedes, as of course he must, that both the charge received by the Commission on September 6, 1967, and the letter requesting the Commission to assume jurisdiction received by the Commission on October 2, 1967, were received by the Commission prior to the date when the Cal FEPC officially terminated its consideration of this matter. Nevertheless, plaintiff contends that his charge was timely, either (a) because the Cal FEPC should be considered to have terminated its action on September 28, 1967, when the EEOC was advised by the staff of the Cal FEPC of the staff's recommendation, or (b) because the plaintiff's actions should be construed as a matter of law as requesting that the EEOC take jurisdiction at the earliest possible legal moment and that a constructive filing date of October 19 or 20, 1967, should therefore be assigned to plaintiff's charge. Both arguments must be rejected.

■ The FEPC staff letter received September 28, 1967, specifically stated only that the Washington matter "is *scheduled* to be closed at the October 1967 Commission Meeting." (Emphasis added.) The staff of the Cal FEPC can only assist the Commissioner and make recommendations. Similarly, the FEPC staff memorandum enclosed with the FEPC staff letter recommended to the Commissioner that the case be closed. Under California law such staff recommendations are simply that: recommendations. The staff may not terminate a case.

This may be done only by a Commissioner. Cal.Admin.Code, tit. 8, § 19003(a) and (b).

■ Alternatively, plaintiff asks this Court to ignore the actual dates when the EEOC received plaintiff's charge, when a file number was assigned to the plaintiff's charge, and when the EEOC received plaintiff's request that it assume jurisdiction, and to substitute a date totally unrelated to any action taken by the plaintiff or the EEOC. This Court does not believe that Congress intended the word "file" to have such uncertain dimensions. Indeed, the use of a constructive date is directly contrary to the legal interpretation of the EEOC General Counsel, which has been promulgated by the Commission:

"A charge has one effective date with regard to all of the subdivisions of Section 706: the date when a sworn or unsworn statement of facts indicating that an unlawful employment practice has occurred is *received* by the Commission * * *." (Emphasis added.) EEOC G.C Opin 11/10/65.[8]

Thus, applying the Commission' own rules, it is clear that the charge in this case was filed either on September 6, 1967, as indeed plaintiff alleges in paragraph VIII of his complaint, or on October 2, 1967, when the EEOC received plaintiff's letter requesting it to assume jurisdiction in his case. Perhaps a new filing date can be established by a subsequent act of the plaintiff seeking to incorporate the initial complaint, but this Court is aware of no authority, and none has been cited to it, which would permit the establishing of a filing date wholly by operation of law without ref-

7. Cal.Admin.Code, tit. 8, § 19003(a) and (b):

"19003. *Investigations.* (a) *Reference.* After the filing of a complaint, the chairman of the commission shall assign one of the commissioners to make prompt investigation in connection therewith. Such investigation shall be done with the assistance of the commission's staff.

(b) *Dismissal of Complaint.* If after investigation of the complaint the as-

signed commissioner finds no violation of the act, he shall dismiss the complaint and in the event of such dismissal, the parties shall be notified thereof by certified mail with return receipt requested. Complainant shall be notified also of his right to appeal to the commissioner from such dismissal in accordance with Rule 19003(e).

8. LRX 1892a.

erence to when the EEOC received a charge or some other document from plaintiff, or when the EEOC assigned a case file number to this matter, all of which took place in this matter prior to October 19 or 20, 1967. This being so, it is unnecessary to decide whether the plaintiff's letter received by the EEOC on October 2, 1967, can be considered to establish a new filing date or whether the filing date must be considered September 6, 1967, for in either event plaintiff acted and brought his case before the EEOC at a date which was impermissible under Section 706(b), 42 U.S.C.A. § 2000e-5(b). We must conclude that plaintiff filed no timely charge with the EEOC and he may not maintain his present suit.[9]

*By pursuing the grievance procedure to conclusion, plaintiff made a binding election of remedies.*

The plaintiff in this case had available to him two different avenues for the redress of the discrimination allegedly practiced upon him. He could utilize the administrative and judicial procedures provided by the California Fair Employment Practice Act and Title VII of the Federal Civil Rights Act of 1964, or he could utilize the grievance procedure contained in the collective bargaining agreement covering his employment with defendant Aerojet-General Corporation. Either avenue could provide him with the reinstatement and back pay which he sought.

Defendant argues that by pursuing the grievance procedure to completion, plaintiff made a binding election of forums. Defendant relies primarily upon Bowe v. Colgate-Palmolive Co., 272 F.Supp. 332 (S.D.Ind.1967), wherein the Court stated:

"It is the belief of the Court that an employee has the right to come before the Court and assert his claim under the Civil Rights Act of 1964, without regard to any contractual remedies also available to him. However, it is also the belief of the Court that the employee should not be permitted to proceed on the same allegedly wrongful incidents both in the Court and pursuant to his contractual remedies." 272 F.Supp. at 337–338.

"It was and is the Court's view and conclusion that the plaintiffs, whether named or in the class, should not and may not have two different opportunities in two different appropriate forums for presentation and litigation of their claims. It would be inequitable and unconscionable to subject the defendant Colgate to two series of extensive litigation, one series in this Court and then another series under the labor contract." 272 F. Supp. at 366–367.

■ This Court agrees with the Court in Bowe v. Colgate-Palmolive Co. that resort to the contractual grievance procedures is not a prerequisite to seeking the aid of the administrative agencies established by fair employment and civil rights legislation and ultimately going to the courts. See also Reese v. Atlantic Steel Co., 56 L.C. ¶ 9096, 282 F.Supp. 905 (N.D.Ga.1967).

■ On the other hand, the Court differs with the apparent implication of *Bowe* that there must be a strict and *ab initio* "election of forum" made between contractual remedies under the collective bargaining agreement and Title VII remedies under the Civil Rights Act of 1964 prior to seeking either remedy. Because of the time limits under the civil rights legislation, the charging party will often be forced to initiate civil rights proceedings with the State or Federal agency or the Federal courts at precisely the same time that he is seeking to enforce his contractual rights under the collective bargaining agreement.

This does not mean, however, as plaintiff seems to suggest, that plaintiff may

---

9. For a case with a chronology similar to that here, see IBEW, Local 5 v. EEOC, 56 l. c. ¶ 9073, 283 F.Supp. 769 (W.D.Pa., 1967), holding that no timely charge was filed.

pursue to completion both remedies. Since the matters raised by the plaintiff could be litigated and resolved either through the grievance procedures provided in the collective bargaining agreement, or through the administrative and judicial procedures provided by Federal and State statutes, the situation is directly analogous to that which exists where the Federal courts and the State courts have concurrent jurisdiction. The rule in such a situation was stated by the United States Supreme Court in Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850, 855 (1935):

> "Where the judgment sought is strictly *in personam*, for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res adjudicata* in the other."

In light of the importance attached to resolving industrial disputes through collective bargaining grievance procedures, see, e. g., United Steel Workers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578, 581, 80 S.Ct. 1347, 1350, 1352, 4 L.Ed.2d 1409, 1414–1415, 1416–1417 (1960), this Court believes that the same principles should be applied where, as here, there is concurrent jurisdiction between the grievance procedures and those established by statute.[10]

Such a rule in no way restricts the aggrieved party's choice of forums. Initially he may pursue his remedies in both forums but at some point a choice must be made. This point, as in the case of concurrent jurisdiction between State and Federal courts, is reached when a litigant has pursued his remedies in one forum to decision, be it by settlement, the decision of an arbitrator, or the decision of a judge. Such a rule is not only consonant with that applied in an analogous area, but also will contribute to the expeditious resolution of disputes in the equal employment area and promote the sound and equitable administration of justice by precluding an aggrieved party from subjecting a defendant to multiple actions based upon the same claim.[11]

 Therefore, in pursuing the collective bargaining agreement procedures to completion by accepting the company-union settlement at the Third Step Hearing and going back to work, plaintiff made a binding election of remedies and, for this second and independent reason, plaintiff's present action may not be maintained.

Now the Court, having made the foregoing Decision, makes its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. On September 1, 1967, plaintiff Charles E. Washington received a written reprimand and a one-month disciplinary layoff from his employer, defendant Aerojet-General Corporation.

2. On September 5, 1967, a grievance protesting the disciplinary action taken against plaintiff was filed in accordance with the applicable collective bargaining

10. From the papers filed with this Court in this matter, it is apparent that the California Fair Employment Practice Commission follows a somewhat similar rule whereby the Cal FEPC will not assert jurisdiction in a matter where a complainant has pursued his collective bargaining grievance procedures to completion and a settlement in which the complainant concurs.

11. In some cases, in the interest of equity and justice, either forum may, in its own discretion, abate its own action where it is apparent that the defendant is being subjected to the burden of two extensive proceedings, cf. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); in other instances a Federal court may find it necessary, in aid of its own jurisdiction, to enjoin a threatened arbitration. See Bowe v. Colgate-Palmolive Co., supra.

agreement which expressly prohibited discrimination on the basis of race.

3. On September 6, 1967, the Federal Equal Employment Opportunity Commission received from Charles E. Washington a charge alleging that he had been disciplined discriminatorily because he was a Negro.

4. On September 7, 1967, plaintiff Charles E. Washington completed a Complaint of Employment Discrimination under the California Fair Employment Practice Act alleging that his disciplinary action was the result of racial discrimination.

5. On September 13, 1967, pursuant to the collective bargaining agreement between defendant Aerojet-General Corporation and the International Association of Machinists and Aerospace Workers, a Third Step Hearing was held between the representatives of the IAMAW and defendant.

6. Plaintiff Washington participated in the Third Step Grievance proceeding which resulted in a settlement agreement reducing his disciplinary layoff to nine days.

7. Plaintiff Washington concurred in the settlement agreement and accepted it by returning to work.

8. On September 28, 1967, the EEOC received a letter from the staff of the Cal FEPC stating that the case of the plaintiff was "scheduled to be closed" at the Cal FEPC's October 1967 meeting.

9. Prior to September 28, 1967, the EEOC has assigned the charge filed by plaintiff Washington its Case File Number, LA 68–9–102E.

10. On October 2, 1967, the EEOC received from plaintiff Washington a request that the EEOC "assume jurisdiction of my case at this time".

11. On October 19 and 20, 1967, the Cal FEPC met in Los Angeles and terminated its consideration of plaintiff Washington's complaint by closing the Washington–Aerojet–General matter.

12. Plaintiff Washington did not thereafter refile with the EEOC or again ask the EEOC to assume jurisdiction over his charge.

13. The present action was filed in this Court by plaintiff on December 29, 1967.

14. The following Conclusions of Law, insofar as they may be concluded Findings of Fact, are so found by this Court to be true in all respects. From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

### I

A timely charge filed with the EEOC is a prerequisite to suit under Title VII of the Civil Rights Act of 1964.

### II

Whether September 6, 1967, or October 2, 1967, be considered as the date plaintiff filed his charge with the EEOC, his charge was not timely because it was filed prior to October 19 or 20, 1967, when the Cal FEPC terminated its proceedings with regard to plaintiff's complaint.

### III

By pursuing to completion the applicable collective bargaining grievance procedure, plaintiff Washington made a binding election of remedies and is therefore barred from pursuing the identical claim in this action.

### IV

Any Conclusions of Law contained in the Findings of Fact are deemed incorporated herein by reference.

### V

There is no genuine issue as to any material fact and the complaint fails to state a claim upon which relief can be granted. Accordingly plaintiff is not entitled to any relief under or by virtue of the complaint.

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED that Judgment be entered dismissing plaintiff's complaint.

Let judgment be entered accordingly.