**Nettie Mae LOGAN, Plaintiff,**

v.

**GENERAL FIREPROOFING COMPANY,
a corporation, Defendant.**

**Civ. A. No. 3050.**

United States District Court,
W. D. North Carolina,
Shelby Division.

Aug. 27, 1969.

Conrad O. Pearson, Durham, N. C., J. Levonne Chambers and Adam Stein, of Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Jack Greenberg, New York City, David R. Cashdan for Equal Employment Opportunity Commission, Washington, D. C., for plaintiff.

Glenn L. Greene, Jr., of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., J. Toliver Davis, Forest City, N. C., for defendant.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

This is a civil action brought by the plaintiff, Nettie Mae Logan, against the defendant, General Fireproofing Company, alleging that she was denied employment on account of her race and sex. Her complaint filed under Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A., Section 2000e–5(e), alleges that she applied for work with the defendant company on Decem-

ber 27, 1965, and was advised that there were no jobs available, and that within a few days thereafter the defendant published a newspaper notice seeking trainees for employment. She further alleges that she continued to seek employment with the defendant until June, 1966, without success, and that white individuals were employed after her application was denied. On June 27, 1966, she filed a charge with the Equal Employment Opportunity Commission contending that she had not been hired because of her race. On June 27, 1967, the Commission found reasonable cause to believe that the defendant had committed a violation of the Act, and on February 17, 1969, the plaintiff was advised that conciliatory efforts had failed to accomplish voluntary compliance with Title VII of the Civil Rights Act of 1964, and that she was entitled to institute a civil action in the appropriate federal District Court within thirty days of receipt of said letter. This action was filed on March 18, 1969, and plaintiff seeks to represent not only herself but also all future applicants for employment, all present employees, and all future employees of General Fireproofing Company. She alleges that the defendant is now engaged in the following discriminatory practices:

1. Discriminating against Negro applicants for employment on the grounds of race or color.

2. Limiting Negroes to lower paying jobs.

3. Paying Negroes lower wages than whites for the same work, and

4. Failing to post Equal Employment Opportunity Commission posters in its plant.

She prays that she and the class she represents be granted a permanent injunction enjoining the defendant from continuing such discriminatory policies and that a declaratory judgment be entered adjudging that said policies, practices, customs and usages complained of here are violative of the rights of the plaintiff and her class protected by Title VII of the Civil Rights Act of 1964, and 42 U.S.C.A., § 1981. She further contends that the defendant should be required to give her the job she applied for and pay all back wages to which she is entitled, and that she be awarded costs and attorneys·fees.

The defendant filed a Motion to Dismiss and in the alternate, a Motion for More Definite Statement. These motions were heard by the Court on July 7, 1969, and the attorneys have filed their brief. After serious consideration of the arguments and the briefs, the Court enters this Memorandum of Decision and Order.

The Motion to Dismiss is based upon the general allegation that the complaint fails to state a claim against the defendant upon which relief can be granted. The motion raises several specific reasons why the action should be dismissed and the Court will list these reasons and pass upon them separately.

The first specific reason given is that the plaintiff does not sufficiently allege in the complaint that she filed the charge with the Equal Employment Opportunity Commission within ninety (90) days after the alleged unlawful employment practice occurred as required by Title 42 U.S.C.A. § 2000e–5 (d). This section of the Act requires that it must be filed with the Commission within ninety (90) days of the occurrence of the alleged unlawful employment practice. Plaintiff alleges that she filed written application for employment with the defendant on December 27, 1965, and filed her charge with the Commission on June 27, 1966, which is more than ninety (90) days. However, she alleges that she returned to renew her application on several occasions and continued to do so through June, 1966, without success, but gives no specific date. This allegation, though it be indefinite, is sufficient to allege that the charge was filed within ninety (90) days from the alleged unlawful employment practice. The Court therefore holds that this allegation is sufficient to

weather the storm of the Motion to Dismiss but the Motion to Make More Definite and Certain will be allowed and plaintiff will be required to allege specifically the last date she applied for work prior to the filing of her charge with the Commission.

The next specific reason set forth in the Motion to Dismiss is that plaintiff has not alleged the Equal Employment Opportunity Commission furnished the defendant with a copy of any charge filed with the Commission within thirty (30) days of the filing, as required by 42 U.S.C.A. § 2000e–5(a). This section of the Act provides that, "The Commission shall furnish such employer * * * with a copy of such charge and shall * * * *" but this Court can find no requirement in the statute that it must be done within thirty (30) days. Fair and just procedure would require that a copy of the charge be served on the defendant within thirty (30) days or less, but there seems to be no statutory requirement of such timely service. The defendant relies upon the case of International Brotherhood of Electric Workers, etc., v. United States Equal Employment Opportunity Commission, 283 F.Supp. 769 (W.D.Pa.1967), which held that the Commission was without authority to proceed to investigate a charge if the charge had not been served upon the defendant. However, this decision was reversed by the Third Circuit Court. See opinion in 398 F.2d 248, wherein the court said, "It must be borne in mind that the prime duty of the EEOC is to investigate and conciliate. We perceive no time limitation imposed by the Equal Employment Opportunities Act or the regulations of the EEOC by which a charge must be served and proceeded with by the Commission." This Court is of the opinion, and therefore holds, that the service of the charge upon the defendant is not a jurisdictional prerequisite to the institution of an action under the Act.

The next specific reason advanced by the defendant for dismissal is that the complaint does not allege that the Equal Employment Opportunity Commission in fact endeavored to eliminate any alleged unlawful employment practice by informal methods as required by 42 U.S.C.A. § 2000e–5(a). The Act specifically requires the Commission to attempt conciliation after investigation and determination that there is reasonable cause to believe that the charge is true. The pertinent part of Section 2000e–5(a) provides that, "The Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." This is a mandate from the Congress and the Commission is legally bound to make the effort. The Commission's rules now require that the effort be made. However, the Fourth Circuit Court specifically held in the case of Johnson v. Seaboard Air Line Railroad Company, 405 F.2d 645 (4th Cir. 1968); certiorari denied, Pilot Freight Carriers v. Walker, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969) that actual attempts to conciliate by the Commission are not jurisdictional prerequisites to the institution of suit. The complaint alleges that the plaintiff was advised by the Commission on February 17, 1969, that conciliation efforts had failed to accomplish voluntary compliance and that she was entitled to institute civil action within thirty (30) days. This Court is of the opinion that this allegation is sufficient to allege a conciliation effort even if the defendant's contentions were correct that such allegation was a jurisdictional prerequisite.

The defendant next contends that the complaint does not show any charge filed with the Commission contained any of the accusations presented in the complaint or that the complaint is limited to the accusations previously presented to the Commission in the original charge. It contends that the Court is limited to a consideration of the allegation contained in the original charge. The original charge filed with the Commission by the plaintiff contains only the contention that she was denied em-

ployment because of her race. Defendant relies upon Cox v. United States Gypsum Co., 284 F.Supp. 74 (N.D.Ind.1968), and Oatis v. Crown Zellerbach Corporation, 398 F.2d 496 (5th Cir. 1968). In Oatis, the Fifth Circuit held that the plaintiff in a class action can raise only issues to which he was aggrieved and which he had raised in his charge to the Commission. The defendant contends this to mean that the allegations set forth in the complaint must be identical with those contained in the original charge. Apparently, the Fifth Circuit did not intend such a strict interpretation of Oatis, because in a decision a few months later, it declared in Jenkins v. United Gas Corporation, 400 F.2d 28:

> "Although there are restrictions both in time and pre-conditions for court action this does not minimize the role of ostensibly private litigation in effectuating the congressional policies. To the contrary, this magnifies its importance while at the same time utilizing the powerful catalyst of conciliation through EEOC. The suit is therefore more than a private claim by the employee seeking the particular job which is at the bottom of the charge of unlawful discrimination filed with EEOC. When conciliation has failed—either outright or by reason of the expiration of the statutory time table—that individual, often obscure, takes on the mantel of the sovereign. Newman v. Piggie Park Enterprises, 1968, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263; Oatis v. Crown Zellerbach, supra. And the charge itself is something more than the single claim that a particular job has been denied him. Rather it is necessarily a dual one: (1) a specific job, promotion, etc., has actually been denied, and (2) this was due to Title VII forbidden discrimination."

The charge filed with the Commission was apparently prepared by the plaintiff, who as a layman, would have only a general idea as to the contents of the statute, and to limit the court and the Commission to the consideration of the charge itself would result in multiplicity of litigation and a burden upon the already overcrowded docket in the federal courts. There is nothing to indicate that Congress intended such a restrictive interpretation as requested by the defendant.

■ Defendant next contends that the complaint must be dismissed because it is not alleged that the other persons sought to be included as plaintiffs have filed charges before the Equal Employment Opportunity Commission. This issue seems to be well settled. In Oatis v. Crown Zellerbach Corporation, supra, the Court said:

> "Additionally, it is not necessary that members of the class bring a charge with the EEOC as a prerequisite to joining as co-plaintiffs in the litigation. It is sufficient that they are in a class and assert the same or some of the issues."

The last three contentions contained in defendant's Motion to Dismiss deal generally with the question of class action and have been partially briefed together and will now be considered together in this decision. In substance, the defendant says that the complaint does not show whether those purported to constitute the class are in the same situation as the plaintiff, and that since plaintiff alleges a denial of employment only, she cannot join members of a class alleging other and different unlawful practices. The defendant cites and relies upon Oatis v. Crown Zellerbach Corporation, *supra*, which requires that there must be questions of law and fact common to the plaintiff and the purported class, and Jenkins v. United Gas Corporation, D.C., 261 F.Supp. 762, which held that an action wherein the plaintiff alleged he had been discriminated against in promotion could not be maintained as a class action and include all Negroes who have suffered, or might suffer, a wide variety of discriminations.

The Court does not read Oatis as being as restrictive as the defendant contends it to be. Regardless of the meaning of

Oatis, the same Court a few months later seemed to relax the restrictions. The Fifth Circuit in the case of Jenkins v. United Gas Corporation, 400 F.2d 28, not only broadened its rule relative to class actions, but specifically overruled the district court's holding that no common question of fact exists as to all Negro employees of the defendant since different circumstances surrounded their different jobs and qualifications in the structure of the corporation. The court further held that although the plaintiff, who alleged he had been denied a promotion, was subsequently offered and accepted such promotion, that the case was not moot and the plaintiff had standing to represent all other Negro employees of the company against plantwide systematic, discriminatory employment practices.

■ It appears Congress intended to permit class actions under Title VII of the Act and that such actions should be limited to that range of issues reasonably related to and growing out of the original charge of discrimination.

■ This Court is of the opinion that the plaintiff has standing to raise the issues in the complaint in a class action and the court has jurisdiction to hear them.

■ By way of summary, it is clear that the courts have thus far agreed that before an action is properly instituted under Title VII, a plaintiff must have filed a charge of an unlawful employment practice with the Equal Employment Opportunity Commission within ninety (90) days of the alleged violation and must file said action in the proper United States District Court within thirty (30) days of receiving notice of the Commission's failure to achieve voluntary conciliation. Dent v. St. Louis-San Francisco Rly. Co., 406 F.2d 399 (5th Cir. 1969); Johnson v. Seaboard Air Line Railroad, 405 F.2d 645 (4th Cir. 1968); Choate v. Caterpillar Tractor Company, 402 F.2d 357 (7th Cir. 1968). These requirements are jurisdictional and must be specifically alleged in the complaint. The complaint in the case at bar contains such allegations in sufficient form to defeat the Motion to Dismiss.

It is, therefore, ordered that defendant's Motion to Dismiss be, and the same is hereby denied.

Certain inconsistencies appear in plaintiff's complaint and in the brief filed by the Equal Employment Opportunity Commission as Amicus Curiae relative to the date of the application for employment, and the complaint is somewhat indefinite as to the final date of application for employment and the details relative to the refusal of employment. The defendant is entitled to have these matters alleged specifically and the inconsistencies removed before filing answer. The Court, therefore, orders the plaintiff to file a statement or an amendment to the complaint within twenty (20) days from the receipt of this Memorandum of Decision and Order, setting forth the details relative to her application for employment with the defendant and the defendant's refusal to employ her.

Except as stated above, the defendant's Motion for More Definite Statement is hereby denied.