**Billy C. VIGIL, on his own behalf and on behalf of all others similarly situated, Plaintiff,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant.**

**Civ. A. No. C–1476.**

United States District Court
D. Colorado.

Oct. 23, 1969.

Roger Cisneros, Denver, Colo., Levi Martinez, Pueblo, Colo., Pete Tijerina, Mario Obledo, Alvaro Garza, San Antonio, Tex., and Jack Greenberg and Robert Belton, and Vilma Singer, New York City, for plaintiff.

Akolt, Shepherd, Dick & Rovira, by Luis D. Rovira and Stuart S. Gunckel, Denver, Colo., for defendant.

Russell Specter, Acting General Counsel, David Cashdan, Attorney, and Joan Graff, Attorney, Equal Employment Opportunity Commission, Washington, D. C., amici curiae.

### MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This is a class action instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5. The plaintiff contends that the defendant-employer discriminated against him and others similarly situated because of national origin with respect to compensation and promotion. The defendant has moved to dismiss for failure to comply with the administrative procedures set forth in the Act, claiming that these are prerequisite to instituting suit in this Court. The issues involved in this motion have been thoroughly briefed and argued and are now ready for resolution.

The timetable of events is the important factual matter before us. Plaintiff states that the alleged discriminatory acts of the defendant occurred on or about *August 30, 1967,* and were of a continuing nature.

On *February 2, 1968,* Vigil filed a complaint with the Colorado Civil Rights Commission. This was accomplished within the six month time limitation for

filing with the state agency. C.R.S. 1963, § 80–21–7.

On *February 20, 1968,* plaintiff filed a similar complaint with the Equal Employment Opportunity Commission. This occurred within the 210 day limitation following the alleged discriminatory act.

The EEOC immediately deferred the charge to the Colorado Civil Rights Commission, since the 1964 Civil Rights Act requires that the state agencies which are authorized to grant or seek relief from discriminatory employment practices must be given an initial 60 day opportunity to resolve the conflict.[1] EEOC wrote to the plaintiff on April 10, 1968, informing him that the 60 day period during which the state agency had exclusive jurisdiction to act had passed and that he might now submit a request for EEOC to assume jurisdiction. The EEOC received plaintiff's affirmative response on April 15, 1968, and commenced processing his charge. The EEOC found reasonable cause to believe that defendant had violated the Act, but the Commission's efforts to achieve voluntary compliance were ineffective. On May 12, 1969, EEOC informed the plaintiff of his right to sue within 30 days. *See* 42 U.S.C.A. § 2000e–5(e). The instant suit was filed on June 10, 1969.

The Civil Rights Act has a provision which requires a plaintiff to file with EEOC within 30 days after the state agency has terminated its proceedings *or* within 210 days from the alleged discriminatory acts, whichever is sooner. 42 U.S.C.A. § 2000e–5(d). The gist of defendant's contention is that plaintiff's complaint filed with EEOC on February 2, 1968 was completely invalid

because made within the 60 day period during which the state agency had exclusive jurisdiction to act, and that the later request filed with EEOC on April 15, 1968 was outside the 210 day limitation period. Thus, under the defendant's interpretation of the Act, it was not sufficient for plaintiff to satisfy the 210 day overall limitations period. Plaintiff was also required to refrain from filing with EEOC during the 60 days that the case was before the Colorado Commission. Under these facts this would require him to file with the State Commission in time to allow the state to entertain the cause for 60 days, and, in addition, satisfy the 210 day federal limitation. Plaintiff faced a dilemma. If he had waited for 60 days he would have been beyond the 210 day limitation period. Hence, there was no way for him to win. We hold that the filing of a charge with EEOC during the 60 day period in which the state agency has exclusive jurisdiction to act is effective to toll the running of the 210 day time limit of Section 2000e–5 (d); that under the facts presented it was not a jurisdictional necessity for plaintiff to also refrain from filing with the State Commission for a full 60 days.

The defendant points to IBEW Local Union No. 5 v. United States EEOC, 398 F.2d 248 (3d Cir. 1968) and Washington v. Aerojet-General Corp., 282 F. Supp. 517 (C.D.Cal.1968), claiming that they dictate a contrary result. It is true that the *Washington* case did hold that a charge filed with EEOC within the 60 days in which the state agency has jurisdiction did not meet the requirements of Section 2000e–5(b) of the Act, and hence a new charge must be filed after the 60 day period. We cannot, however, follow this decision based as it

---

1. 42 U.S.C.A. § 2000e–5(b) provides:

In the case of an alleged unlawful employment practice occurring in a State, * * * which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal

proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, * * *.

is on a narrow gauge interpretation of the statute. It is out of harmony with both the spirit of the Act and the legislative intent and history. The debates on this section of the Civil Rights Act show that the purpose of 42 U.S.C.A. § 2000e–5(b) was to require an aggrieved person to file with an appropriate state authority in the first instance and insure that the state authority have the exclusive right to attempt to remedy the situation for at least 60 days. For example, during the debates on this portion of the Act, Senator Case stated:

> Clearly, under the mechanics of the bill in the form with which the leadership is concerned, more concern or more deference could not be given to the rights of the States. For example, the Federal agency which would be able to mediate in this connection *could not consider taking any action* for 2 months, if there were any State machinery at all. 110 Cong.Rec. 13081. (Emphasis added.) [2]

Thus, the underlying purpose of the 60 day provision was to allow the state to act and not to establish an additional roadblock for the plaintiff.

Defendant also contends that Love v. Pullman Co., No. 209–69 (10th Cir., August 1969), and IBEW Local Union No. 5 v. United States EEOC, 398 F.2d 248 (3d Cir. 1968) have reached the identical conclusion as the District Court for the Central District of California reached in *Washington*. We have carefully examined the opinion of our Circuit Court in *Love* and have concluded that it did not consider the question which is now presented. In *Love* the Circuit Court was dealing with a case in which the plaintiff's proceedings before the state commission had terminated in July 1965. He did not file with the EEOC until May 23, 1966. Thus, he failed to comply with the requirement of 42 U.S.C.A. § 2000e–5(d) that he file with the EEOC within 30 days after receiving notice "that the state or local agency has terminated the proceedings

under the State or local law." Similarly, the *IBEW* case does not treat the present question. The true holding in that case was that a complaint is filed with the EEOC when received by that agency, rather than when it is served on the defendant.

In the present case plaintiff was not attempting to circumvent statutory requirements by filing with EEOC within the 60 day period. He was merely attempting to keep his claim alive by apprising EEOC of it. EEOC took no action until the 60 day period expired and the Colorado Civil Rights Commission was given complete freedom to deal with the complaint during this period. This is all that the Act requires. It would frustrate the purpose of the Act to kill the plaintiff's claim because he filed too soon.

Furthermore, we feel that neither *Washington* nor the dictum in *Love* and *IBEW* is controlling for yet another reason. None of these cases considered the 210 day limitation of 42 U.S.C.A. § 2000e–5(d). The language in those cases cited by defendant deals only with the meaning of Section 2000e–5(b). We are not here concerned with the question of whether a filing with EEOC prior to the expiration of 60 days after the state charge is filed constitutes complete compliance with Section 2000e–5(b). We hold only that such a filing is sufficient to meet the jurisdictional prerequisite dictated by Section 2000e–5(d), namely that an aggrieved person must file a complaint with EEOC within 210 days after the discriminatory act occurred. Once a plaintiff has properly preserved his federal remedy by filing with EEOC in this 210 day period, he is entitled to have his claims considered by EEOC after the 60 day period prescribed in 42 U.S.C.A. § 2000e–5(b) has passed, and seek relief in federal court if EEOC is unsuccessful in resolving the dispute. In other words, the filing is not a nullity because it occurs within the 60 day period. The important thing is that EEOC abstain during this period.

2. Senator Humphrey reached the same conclusion as to the meaning of 42 U.S. C.A. § 2000e–5(b) at 110 Cong.Rec. 12725.

Plaintiff filed a timely complaint with the Colorado Civil Rights Commission. He also gave timely notice under 42 U.S. C.A. § 2000e–5(d) to EEOC, thus tolling the running of the statutory limitation period. EEOC did not act or in any way interfere with the proceedings of the state agency until after the 60 day period set forth in § 2000e–5(b) had run. We feel that under this set of facts plaintiff fully complied with the statutory prerequisites for bringing this suit.

To accept the defendant's thesis would go a long way along a route which would effectively nullify remedies under the Act. Surely Congress did not intend to create a procedural morass, or a trap capable of capturing even the wary traveler. To meet the Act's requirements as dictated by defendant, a plaintiff would need to have a Philadelphia solicitor in constant attendance, and he might miss a turn even with this assistance.

The defendant's motion to dismiss for failure to comply with the procedural requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5, is hereby denied. Should defendant desire to appeal at once, we will issue a Certificate of Probable Cause on request.