313 F.Supp. 1069 (1970)
Robert F. NEWMAN
v.
AVCO CORPORATION-AEROSPACE STRUCTURES DIVISION, NASHVILLE, TENNESSEE, and International Association of Machinist and Aerospace Workers, Aero Lodge No. 735, Nashville, Tennessee.
Civ. No. 5258.
United States District Court, M. D. Tennessee, Nashville Division.
March 26, 1970.
Order June 10, 1970.
Avon N. Williams, Jr., Nashville, Tenn., and Jack Greenberg, Robert Belton and William B. Turner, III, New York City, for plaintiff.
Cecil D. Branstetter, and Carrol D. Kilgore, Branstetter, Moody & Kilgore, Nashville, Tenn., for defendant Aero Lodge No. 735.
William Waller, Waller, Lansden, Dortch & Davis, Nashville, Tenn., and Naphin, Sullivan & Banta, Chicago, Ill., for defendant Avco Corp.

MEMORANDUM
FRANK GRAY, Jr., District Judge.
Plaintiff, Robert F. Newman, brought this class action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter Title VII) against defendants, Avco CorporationAerospace Structures Division (hereinafter Avco) and the International Association of Machinists and Aerospace Workers, Aero Lodge No. 735 (hereinafter the Union), alleging racial discrimination. The Union has made assertions in the Third Defense in its Answer, which assertions the court construes to constitute a motion for summary judgment. Avco has made a formal motion for summary judgment supported by a brief. Plaintiff has not filed a brief in opposition thereto.
Plaintiff, a Negro employee of Avco and member of the Union, was discharged from Avco on February 1, 1966, allegedly for failure to perform properly a newly assigned job involving the lifting *1070 of stoves from a conveyor belt at specified intervals. On February 2, 1966, pursuant to the collective bargaining agreement (hereinafter the Agreement) between Avco and the Union, a grievance protesting his discharge was signed by plaintiff and filed with Avco by the Union, plaintiff's sole collective bargaining agent. Plaintiff sought reinstatement "in appropriate employment which he is able to perform in the Company's Plant," and sought an award for back pay and other expenses "occasioned by his wrongful discharge."
The Union alleged that Avco knowingly placed the plaintiff in a job he was incapable of performing because of injuries received in a prior automobile accident, that plaintiff was not allowed the proper training time required by the Agreement, and that because of plaintiff's thirteen years of service, Avco should have placed him on a job within his capabilities. On February 7, 1966, plaintiff filed an Amendment to Grievance in which he averred that his discharge was "unjust and racially discriminatory, in violation of the Union Agreement effective June 21, 1965, and also in violation of Title VII of the Civil Rights Act of 1964." Also, in his amendment, plaintiff requested that his personal attorney be allowed to participate in the gievance hearing in his behalf, which request was allowed.
In accordance with the Agreement which provided that "[t]he decision of the Arbitrator shall be final and binding upon the Company and the Union," an arbitration hearing was held on April 21 and 22, 1966. At the outset the parties stipulated that they were properly before the Arbitrator. Plaintiff was represented by the Union and by his personal attorney, and all parties were accorded the opportunity to be heard and to adduce the testimony of such witnesses as they desired, subject to full cross-examination. Upon conclusion of the hearing, plaintiff's personal attorney filed a post-hearing Individual Brief of Grievant reiterating plaintiff's allegations as to racial discrimination. On June 28, 1966, the Arbitrator rendered his opinion and held that the plaintiff was dismissed "for failure to perform his job," and made the express finding on the charge of racial discrimination that "the sole cause for discharge was grievant's failure to perform satisfactorily."
On May 2, 1966, seeking individual relief, plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter EEOC) which found reasonable cause to believe that Avco and the Union were in violation of Title VII. Thereafter, upon notification by the EEOC of failure to achieve voluntary compliance with Title VII through conciliation, the plaintiff brought the present action "on behalf of himself and all other Negroes who are similarly situated."
Avco moves for summary judgment on the grounds that, first, in pursuing the collective bargaining procedure to a final conclusion before the Arbitrator, plaintiff made a binding election of remedies which forecloses his pursuit of individual relief in this action, and second, that in seeking general relief on behalf of the class, plaintiff raises issues in his complaint which were not raised in the charge filed with the EEOC and, therefore, the class action is barred. The Union also asserts that the plaintiff's pursuit of the collective bargaining procedure to its final conclusion before the Arbitrator constituted a binding election of remedies. The court is of the opinion that the Union's assertion and the first of Avco's grounds are well taken and disposive of this action and, therefore, does not consider the second of Avco's grounds.
Avco relies primarily on the case of Washington v. Aerojet-General Corporation, 282 F.Supp. 517 (C.D.Cal. 1968), in support of its first ground. In that case, the court held that a plaintiff, by pursuing the grievance procedure to its completion, makes a binding election which precludes the maintenance of an *1071 action under Title VII. In reaching this conclusion, the court stated:
"Initially he may pursue his remedies in both forums but at some point a choice must be made. This point, as in the case of concurrent jurisdiction between State and Federal courts, is reached when a litgant has pursued his remedies in one forum to decision, be it by settlement, the decision of an arbitrator, or the decision of a judge. Such a rule is not only consonant with that applied in an analogous area, but also will contribute to the expeditious resolution of disputes in the equal employment area and promote the sound and equitable administration of justice by precluding an aggrieved party from subjecting a defendant to multiple actions based upon the same claim." [Emphasis added.] 282 F.Supp. at 523.
The plaintiff in this action could have proceeded in either forum to obtain relief from the racial discrimination allegedly practiced on him. He could have followed the statutory procedure authorized by Title VII or the grievance procedure as set out in the Agreement covering his employment with Avco. In either forum he could have obtained the relief of reinstatement with full seniority and back pay. Thus the court is of the opinion that, in pursuing the collective bargaining procedure to completion, i. e., the decision of the Arbitrator, the plaintiff made a binding election of remedies and, therefore, is precluded from maintaining the present action in his own behalf.
Plaintiff is also precluded from maintaining this action on behalf of the class he purports to represent. In his complaint, plaintiff attempts to include in the class discharged former, present, and prospective employees of Avco and members of the Union, all of whom he alleges have been subjected to racial discrimination.
Without an adequate representative a class action brought pursuant to Rule 23, Federal Rules of Civil Procedure, must fail. It is elementary that "[a]n individual suing on behalf of the class must be a member of the class he is supposed to represent." 2 Barron & Holtzoff, Federal Practice and Procedure § 567 at 308; see 3B Moore's Federal Practice ¶ 23.04. A plaintiff connot represent a class of which he is not a part.
Because, under the Arbitrator's decision, plaintiff was not discharged because of racial discrimination, plaintiff is not a member of a class of discharged former employees of Avco and members of the Union who have been subjected to racial discrimination.
In the case of Johnson v. Georgia Highway Express, Inc., 47 F.R.D. 327 (N.D.Ga.1968) in which a discharged former employee attempted to represent a class which included prospective and present employees, the court held that the discharged former employee had no standing to "effectively represent the rights of either potential job applicants or of present employees." Accord, Burney v. North American Rockwell Corp., 302 F.Supp. 86 (C.D.Cal.1969). Similarly, a discharged former member of a union cannot effectively represent the rights of prospective and present members of that union.
Thus, the court is of the opinion that the plaintiff herein is not a member of the class he purports to represent and, therefore, cannot adequately represent the class in this action.
Accordingly, for the reasons hereinbefore stated, the motions for summary judgment are granted as to the plaintiff, and the court, sua sponte, dismisses the class action for lack of adequate representation.

ORDER
This court recognizes that its decision in this action, March 26, 1970, is contrary to some respectable authority cited by plaintiff in support of his "Motion for a New Trial and/or for Relief from Operation of Memorandum, Judgment or Order." However, the Court of Appeals *1072 for this Circuit has now, in Dewey v. Reynolds Metals Co., 6 Cir., 429 F.2d 324, decided June 4, 1970, foreclosed the matter.
In Dewey the issue was framed by the Court in terms of "whether suit may be brought in court after the grievance has been finally adjudicated by arbitration." The Court's conclusion was that it cannot, saying: "Where grievances are based on an alleged civil rights violation, and the parties consent to arbitration by a mutually agreeable arbitrator, in our judgment the arbitrator has a right to finally determine them."
Clearly, this holding applies with equal force in the instant case. The plaintiff's Motion is accordingly denied. It follows that the motion of the Equal Employment Opportunity Commission for leave to file a brief amicus curiae and to present oral arguments in this case must be denied also.
It is so ordered.