(April 23, 1970)

■    In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. UNION CARBIDE CORPORATION et al., Respondents.— Petition of the State Division of Human Rights pursuant to section 298 of the Executive Law for an order of enforcement is unanimously granted, in the exercise of discretion and in the interests of justice, to the extent of remanding the matter to the Division to make a record of the claimed noncompliance and appropriate findings thereon, without prejudice to the making of a new application upon the completion of such record and findings, if so advised, and otherwise the petition is denied without costs and without disbursements. Petitioner seeks an order enforcing an order of the Division, dated September 23, 1969, entered upon a conciliation agreement made pursuant to subdivision 3 of section 297 of the Executive Law. It is alleged that respondents have not complied with the order of the Division in that they have failed to offer to the complainant a nonroutine administrative position. It is undisputed that respondents did offer two positions to the complainant, but complainant found each of them unacceptable. The petition alleges that the positions rejected by complainant did not satisfy the provisions of the Division order of September 23, 1969. Proper court procedures for implementation of article 15 (Human Rights Law) of the Executive Law are in the formative stage. Section 298 provides that the Division may obtain an order "for the enforcement of any order of the commissioner which has not been appealed to the board" in a proceeding in the Appellate Division. No criteria are set forth in that section which shall serve as a guide or basis for an enforcement order. In *Matter of State Division of Human Rights* v. *Employers-Commercial Union Ins. Group* (33 A D 2d 273, mot. for lv. to app den. 26 N Y 2d 611) this court held that the language of section 298 was not mandatory, and that this court was vested with a measure of discretion in determining whether an enforcement order should issue. In that case, however, the Division admitted that the respondents had not violated the directives of the Division, but sought the enforcement order to assure continued compliance. An enforcement order was denied. In the instant proceeding, there is a conflict in the papers as to whether or not there has been compliance. The only suggestion in article 15 of the Executive Law regarding procedure upon claimed noncompliance is found in subdivision 7 of section 297 which provides: "Not later than one year from the date of a conciliation agreement or an order issued under this section, and at any other times in its discretion, the division shall investigate whether the respondent is complying with the terms of such agreement or order. Upon a finding of non-compliance, the division shall take appropriate action to assure compliance." This provision expressly provides for an investigation and findings before appropriate action can be taken to assure compliance. Implicit in *Employers Ins.* (*supra*) is that before this court exercises its discretion in issuing an enforcement order, there must be an appropriate record basis, i.e., that the papers disclose the results of the investigation made and that the Division has made findings as a result thereof. In deciding whether the

findings of the Division warrant the issuance of an enforcement order, the court will be concerned solely in whether the findings have a rational basis. (Compare *Mayo* v. *Hopeman Lbr. & Mfg. Co.*, 33 A D 2d 310.) The issuance of an enforcement order is not a substitute for a contempt proceeding for failure to comply with a Division's order. An enforcement order substitutes a court sanction for that of the administrative body. As indicated, however, any enforcement order must be predicated upon findings of noncompliance which indicate the necessity for such an order. Thus, the record before this court upon an application for an enforcement order should disclose the investigations made by the Division and its findings before this court may properly act upon an application for an enforcement order. In the instant proceeding, there has been no such disclosure and there is an absence of findings. The petition must therefore be denied, and the matter remanded to the Division for the purpose of making an appropriate record of the claimed noncompliance with findings thereon, without prejudice to a renewal of the application, if so advised, upon completion of the record as indicated herein. Concur — Stevens, P. J., McNally, Steuer and Tilzer, JJ.