John TAYLOR et al., Plaintiffs-Appellants,

Alfred James et al., Intervenors-Appellants,

v.

ARMCO STEEL CORPORATION et al., Defendants-Appellees.

No. 28180.

United States Court of Appeals, Fifth Circuit.

July 7, 1970.

S. Norman Sorrell, Mandell & Wright, Gabrielle K. McDonald, Houston, Tex., for appellants; William B. Gould, Detroit, Mich., McDonald & McDonald, Houston, Tex., Jonathan K. Harkavy, Albert J. Rosenthal, Jack Greenberg, William L. Robinson, New York City, of counsel.

George W. Rice, Chris Dixie, Houston, Tex., for appellees; Butler, Binion, Rice, Cook & Knapp, Houston, Tex., of counsel.

Russell Specter, Acting Gen. Counsel, David W. Zugschwerdt, Atty., Equal Employment Opportunity Commission, Washington, D. C., amicus curiae.

Before WISDOM, AINSWORTH, and CLARK, Circuit Judges.

WISDOM, Circuit Judge*:

Labor seniority systems revised under pressure from black employees and blessed by collective bargaining agreements have improved the economic position of Negro workers long subject to job discrimination. Often however these systems carry forward past discrimination inherent in the original establishment of a "skilled" (white) line of progression and an "unskilled" (black) line of progression. Eleven years ago this Court gave its blessing to the revision of such a system installed at the Houston plant of Armco Steel Corporation that improved the lot of many black employees but still fell short of cleansing progression lines of past racial discrimination. Whitfield v. United Steel Workers of America, 5 Cir. 1959, 263 F.2d 546, cert. denied 360 U.S. 902, 79 S.Ct. 1285, 3 L. Ed.2d 1254. We rested our decision on the National Labor Relations Act (Labor Management Relations Act, 1947), 29 U.S.C. § 151 *et seq.* and Steele v. Louisville and Nashville R.R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173, 187. Within the context of the NLRA and *Steele, Whitfield* is defensible. Today, however, the Court must reverse and remand this case to the district court for proceedings consistent with Title VII of the Civil Rights Act of 1964; Local 189, United Papermakers and Paperworkers v. United States by Mitchell, 5 Cir. 1969, 416 F.2d 980; United States by Mitchell v. Hayes International Corporation, 5 Cir. 1969, 415 F.2d 1038; and the decisional development of the law in other circuits.[1]

Reversed and remanded.

* This opinion is signed only to point up the fact that its author was the organ of the Court in both Whitfield and Local 189.

1. See Norman v. Missouri Pacific Railroad, 8 Cir. 1969, 414 F.2d 73; Quarles v. Philip Morris, Inc., E.D.Va.1968, 279 F. Supp. 505. See also Gould, Employment Security, Seniority and Race: The Role of Title VII. of the Civil Rights Act of 1964, 13 Howard L.J. 1 (1967); Gould, Seniority and the Black Worker; Reflections on Quarles and its Implications, 47 Texas L.Rev. 1039 (1969); Cooper & Sobel, Seniority and Testing Under Employment Laws: A General Approach to Objective Criteria of Hiring and Promotion, 82 Howard L.Rev. 1598 (1969); Note, Title VII., Seniority Discrimination and the Incumbent Negro, 80 Harvard L.Rev. 1260 (1967).