Marina VOUTSIS, Plaintiff,

v.

UNION CARBIDE CORPORATION,
Defendant.

No. 70 Civ. 3435.

United States District Court,
S. D. New York.

Dec. 7, 1970.

On Motion for Reargument
Jan. 11, 1971.

Arthur S. Olick, New York City, for plaintiff.

William C. Treanor, New York City, for defendant.

Robert Fitzpatrick, Washington, D. C., for Equal Employment Opportunity Commission, amicus curiae.

WYATT, District Judge.

This is a motion by defendant (Carbide) for an order dismissing the action because the complaint fails to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)) or, in the alternative, for a stay of further proceedings herein for 60 days pending termination of proceedings between the parties in the New York Supreme Court.

The action is brought under the "Equal Employment Opportunities" subchapter of the Civil Rights Act of 1964 (42 U.S.C. § 2000e and following). The complaint avers in substance that plaintiff (Marina) was employed by Carbide for 22 years and always rated good to outstanding; that Marina became "Senior Secretary to the General Manager of Linde Personnel services"; that she performed many administrative functions normally done by men in the organization; that she sought promotion to a "staff-level assignment" but was refused promotion because she is a woman and at Carbide "staff-level" is only for men; that then all her administrative functions were taken away and reassigned to "staff-level" men; that because she sought promotion she was reassigned to clerical duties on a lower level than that on which she had been; and that be-cause she refused to be "down-graded and demoted" she was fired by Carbide on July 31, 1968. The complaint asserts that Carbide engaged in unlawful employment practices by discriminating against Marina and other women and by classifying its employees because of sex, all in violation of 42 U.S.C. § 2000e–2. The principal relief sought is for a declaratory judgment, for a preliminary and a permanent injunction, and for back pay (see 42 U.S.C. § 2000e–5(g)).

Jurisdiction is asserted under 42 U.S. C. § 2000e–5(f) and also under 28 U.S. C. §§ 1331, 1343, 2201 and 2202.

Affidavits were submitted and are considered; the motion may be treated as one for summary judgment. Fed.R. Civ.P. 12(b).

The following appears without dispute.

On December 26, 1968, Marina filed a complaint against Carbide with the New York Division of Human Rights (the Division). N.Y. Executive Law, McKinney's Consol.Laws, c. 18, §§ 293, 297 (1). The complaint was of an "unlawful discriminatory practice" by Carbide because of the sex of Marina. N.Y. Executive Law § 296(1) (a).

On December 30, 1968, Marina filed a written charge against Carbide with the Equal Employment Opportunity Commission (EEOC).

The Division found probable cause to believe that Carbide was engaging in an unlawful discriminatory practice. N.Y. Executive Law § 297(2).

On or about May 27, 1969, the Division apparently served a "written notice" requiring Carbide to answer the complaint and to appear at a public hearing. N.Y. Executive Law § 297(4) (a).

Thereafter, in the Division proceedings, Carbide and Marina (as "complainant") executed what was called a "stipulation of settlement" ("conciliation agreement" is the term used in the state law; N.Y. Executive Law § 297), dated August 12, 1969. This stipulation was made an order of the Commissioner

(head of the Division; N.Y. Executive Law § 293(1)) on September 23, 1969.

The Division then determined that Carbide had not complied with the terms of the stipulation.

The Division filed a petition in the Appellate Division, First Department, to enforce the September 23, 1969 order of the Commissioner. N.Y. Executive Law § 298.

On April 23, 1970, the Appellate Division denied the petition and remanded the matter to the Division "for the purpose of making an appropriate record of the claimed non-compliance with findings thereon". State Div. of Human Rights v. Union Carbide Corp., 34 A.D.2d 636, 310 N.Y.S.2d 396.

What, if anything, EEOC did about the charge of Marina filed with it on December 30, 1968 does not appear.

Under date of June 9, 1970, however, it sent to Marina a "notice of right to sue within 30 days". Presumably this was meant to be the "so notify" provided for in 42 U.S.C. § 2000e–5(e), but the "notice" as sent had no statement that "the Commission has been unable to obtain voluntary compliance with this subchapter", which is the language of the statute.

On July 14, 1970, Marina filed in this Court the "notice" from EEOC and an application for appointment of counsel and for leave to proceed without prepayment of fees, costs, etc. On the same day Chief Judge Sugarman made an order authorizing Marina to proceed without prepayment, etc. While no written order appears to have been made, an attorney for Marina was also appointed.

The action was commenced on August 10, 1970. It does not appear likely that the EEOC "notice" could have been received (if sent by mail) by Marina before July 10, 1970 and the action was (barely) commenced within the 30 day limit.

Meanwhile, the Division was continuing its efforts to enforce the September 23, 1969 order of the Commissioner embodying the stipulation of settlement. It

filed a second petition with the Appellate Division, First Department. On September 29, 1970, the Appellate Division denied the petition and again remanded the matter to the Division of Human Rights. The court found that the record did not comply with its earlier decision, which contemplated "an adversary hearing" and "a proper record". State Div. of Human Rights v. Union Carbide Corp., 35 A.D.2d 664, 315 N.Y.S.2d 401.

Presumably the State Division of Human Rights is currently in the process of making "a proper record".

### A.

Proceedings under the state law were commenced on December 26, 1968. The effective date of this state law (N.Y. Executive Law § 296(1)(a)), as to the discrimination of which Marina complained, was September 1, 1965 (L.1965, c. 516, § 1).

A charge could not be filed by Marina with EEOC *before* the expiration of 60 days after the commencement of the state proceedings. Such is the plain language of 42 U.S.C. § 2000e–5(b). Congress deliberately chose this method for policy reasons, namely, "to keep primary, exclusive jurisdiction in the hands of the state commissions for a sufficient period of time to let them work out their own problems at the local level". 110 Cong. Rec. 13087 (1964).

When the charge was filed by Marina only 4 days after commencement of the state proceedings, this was in violation of the statute. The federal commission was without authority to receive it and without jurisdiction to act on it.

The suggestion may be made that if EEOC in fact does not exercise jurisdiction until after sixty days from commencement of the state proceedings, the policy of the Act is observed although the statute has been violated. This suggestion was rejected in Love v. Pullman Company, 430 F.2d 49, 57–58 (10th Cir. 1969, on rehearing 1970, Fahy, C. J., dissenting):

"This ["Thus" is evidently meant] without further word or act by the

complainant to permit the EEOC to then 'automatically' assert jurisdiction after sixty days does not comply with the Act as described in the prior opinion."

The situation in the case at bar seems indistinguishable from that in Washington v. Aerojet-General Corp., 282 F. Supp. 517 (C.D.Calif. 1968) where the action was dismissed. The Court said (at 522):

"* * * in either event plaintiff acted and brought his case before the EEOC at a date which was impermissible under Section 706(b), 42 U.S.C. A. § 2000e–5(b). We must conclude that plaintiff filed no timely charge with the EEOC and he may not maintain his present suit."

### B.

As related, some time before EEOC sent the purported statutory notice to Marina and before this action was commenced, Marina and Carbide had entered into a stipulation of settlement which was later made an order of the state Commissioner. This seems clearly an election of remedies or res judicata or both.

■ If a charge is filed with EEOC not too soon (42 U.S.C. § 2000e–5(b)) and not too late (42 U.S.C. § 2000e–5(d)), thereafter the federal commission and the state commission have concurrent jurisdiction and there may be two proceedings, at least for some period of time. But when one proceeding has gone to judgment, the other proceeding must come to an end. It would be wasteful thereafter to continue the two rival proceedings; not only wasteful, but an unfair burden on the defendant. Such seems to be the basis for the dictum in Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850, 855 (Stone, J.; 1935): "* * * both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as res adjudicata in the other".

■■ In the case at bar, the Commissioner's order of September 23, 1969 is the equivalent of a final judgment. There could be no appeal by any party because it was entered on consent of all parties. The fact that the judgment is entered on consent does not detract from its effect as res judicata. Such seems so clear that statements in opinions are hard to find. The principle is implicit, however, in Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940) and O'Rourke v. Merry Queen Corp., 370 F.2d 781, 783 (2d Cir. 1967). See also 50 C.J.S. Judgments § 630, p. 55.

■ The same result seems required under the principle of election of remedies. Marina voluntarily entered into a settlement with Carbide in the state proceeding. She thereby elected to enforce her rights in the state proceedings rather than before EEOC or in this Court. On indistinguishable facts, this was the conclusion in Washington v. Aerojet-General Corp., above cited, at 522–523 where the Court said:

"Initially he may pursue his remedies in both forms but at some point a choice must be made. This point, as in the case of concurrent jurisdiction between State and Federal courts, is reached when a litigant has pursued his remedies in one forum to decision, be it by settlement, the decision of an arbitrator, or the decision of a judge. Such a rule is not only consonant with that applied in an analogous area, but also will contribute to the expeditious resolution of disputes in the equal employment area and promote the sound and equitable administration of justice by precluding an aggrieved party from subjecting a defendant to multiple actions based upon the same claim."

If there were an attack of some sort on the September 23, 1969 order of the Commissioner, perhaps the principle of election of remedies would be inapplicable. There is no attack on the order, however; to the contrary, every reliance

is being placed on that order and it is at present the subject of proceedings to enforce it. Congress could not have intended that an action be maintained in this Court after relief had been obtained by way of an order in the state proceeding.

Matters outside the pleading having been presented to and not excluded by the Court, the motion is treated as one for summary judgment. Fed.R.Civ.P. 12(b).

The motion of defendant, treated as one for summary judgment, is granted and the Clerk is directed to enter judgment for defendant dismissing the action.

So ordered.

### On Motion for Reargument

This is a motion by plaintiff (Marina) for reargument of a motion by defendant (Carbide) which was treated as one for summary judgment and granted by order, with memorandum opinion, filed December 7, 1970.

The materials now submitted for plaintiff, including two affidavits and a memorandum of law, have been considered and are directed to be filed. There is nothing which would change the result reached.

 Among other things, regulations of EEOC are cited which provide in substance that where (as in the case at bar) a charge is filed with EEOC *too soon*, EEOC will wait sixty days and will *then* "consider the charge to be filed with the Commission". But the date of the filing of a charge is not a matter to be determined by the mental operations of those in the EEOC organization; it is an objective fact, provable by evidence, and at latest is the date on which the charge is *received* by EEOC. Indeed, such is the opinion of the General Counsel of EEOC as quoted in Washington v. Aerojet-General Corp., 282 F.Supp. 517, 521 (C.D. Calif. 1968). It is stated by counsel for plaintiff that the result is "patently absurd" and a "technicality" because, regardless of *how soon* the charge is filed

with EEOC, if in fact EEOC defers any action for 60 days the policy of the legislation is achieved. This may well be true but Congress has been specific in the relevant provision: "No charge may be filed * * * by the person aggrieved before the expiration of sixty days after * * *" etc. The Court is not free to disregard these plain words.

It appears that while Marina swore to her charge on December 30, 1968 it was received by EEOC on January 6, 1969 and the latter date is undoubtedly the date of filing but is still much too early to be in compliance with the statute. It may be noted that when the charge was received by EEOC on January 6, 1969, a file number (TNY 9 0385) was assigned to it.

The motion for reargument is granted and on reargument the Court adheres to the decision made.

So ordered.