**Arturo LOPEZ, Plaintiff,**

v.

**STATE FOUNDRY & MACHINE, INC., a Wisconsin Corporation, Defendant.**

**Civ. A. No. 70-C-371.**

United States District Court, E. D. Wisconsin.

Jan. 17, 1972.

James R. Scott, Milwaukee Legal Services, Milwaukee, Wis., for plaintiff; Richard M. Klein, Freedom Through Equality, Inc., Milwaukee, Wis., of counsel.

Marshall R. Berkoff and Thomas E. Obenberger, Milwaukee, Wis., for defendant.

John F. Goemaat, Atty. E. E. O. C., Washington, D. C., and Irving G. Miller, Field Atty., E. E. O. C., Chicago Regional Office, Chicago, Ill., for United States Equal Employment Opportunity Comm., amicus curiae.

OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a civil rights action brought under the 1964 Civil Rights Act, 42 U. S.C. § 2000e, et seq., alleging employment discrimination against the plaintiff, a Mexican-American. The defendant has moved to dismiss on the grounds that plaintiff's actions prior to bringing this suit bar him from this court. Affidavits from both sides have been filed, and accordingly I shall treat the motion for dismissal as one for summary judgment. Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons set out below, I find that the motion should be denied.

As relevant to the question before me, the uncontested facts are as follows. On July 26, 1969, Mr. Lopez, the plaintiff, filed a charge of discrimination against the defendant with the United States Equal Employment Opportunity Commission (EEOC). The EEOC sent a copy of this charge to the Equal Rights Division of the State of Wisconsin's Department of Industry, Labor and Human Relations (ERD), and during the latter part of 1969 both the ERD and the EEOC conducted investigations into the charge. On March 2, 1970, the ERD determined from its investigation that there was probable cause and scheduled a conference for March 13, 1970. This conference was held, as scheduled, with two representatives of the ERD, three representatives for State Foundry & Machine, Inc. (State Foundry), and Mr. Lopez in attendance. Mr. Lopez, a man whose formal education ended with grade school, was not represented by legal counsel. One of State Foundry's three representatives was its lawyer. There was a full discussion of settlement and it was orally agreed as follows:

"1. It is understood that this agreement does not constitute either an admission or denial by the respondent of a violation of the Wisconsin Fair Employment Law (Secs. 111.31–111.37, Wis. Stats.).

"2. The respondent hereby agrees to reemploy the complainant conditioned on his ability to perform the duties of the available work as is hereinafter mentioned.

"3. The respondent also agrees to arrange an appointment for the complainant on Monday, March 16, 1970 if possible, with Dr. Van Driest, Orthopedic Surgeon, Sheboygan, Wisconsin.

"4. The complainant hereby agrees that he will accept one of the following jobs, as available: grinding, die casting, muller operator, or cleaning room; complainant further understands and agrees that he will not be able to bump into his previous job but that he can bid on openings, pursuant to the labor agreement, as they become available.

"5. The respondent agrees that the complainant will retain his accrued seniority rights consistent with the labor agreement, as if he had been on a leave of absence; that said accrued seniority would be applicable to his rights on layoff and bidding on jobs but would not be applicable to accrued vacations, holidays, etc.

"6. It is hereby understood and agreed that subject to the approval of the Department of Industry, Labor and Human Relations said complaint will be dismissed as to the jurisdiction of the Equal Rights Division upon the signing of this stipulation by the parties."

Following a medical examination, plaintiff was re-employed by defendant. On June 10, 1970, the EEOC, as a result of its investigation, notified plaintiff of his right to institute a suit in federal court within thirty days. The instant suit was then commenced on July 8, 1970.

The crux of the dispute before me is the March 13, 1970, agreement. Defendant erroneously contends that this agreement bars plaintiff from instituting this present action. I believe from the agreed facts that the March 13 agreement did not encompass liability under federal law, for the agreement refers only to violations of Wisconsin's Fair Employment Law, Wis.Stats. § 111.31, et seq., and to the complaint before the ERD, a state agency. All parties at the March 13 meeting were aware that a claim under the 1964 Civil Rights Act had been filed and was under investigation by the EEOC.

Nor can it be said that this agreement to settle the state law claim precludes this federal law claim. Even if I assume that when state and federal law is identical the voluntary resolution of one will resolve the other, such is not the case in the matter at hand. While both state and federal law in this case is aimed at eliminating employment discrimination, the remedies differ in that back pay is awardable under federal law, 42 U.S.C. § 2000e–5(g), but not under Wisconsin law, Murphy v. Industrial Commission, 37 Wis.2d 704, 155 N.W.2d 545, 157 N.W.2d 568 (1968). An agreement to settle a claim offering no possibility of financial remuneration cannot be said by implication to settle a claim wherein financial liability exists. Such a windfall for defendant is clearly unwarranted. This is especially so in that the agreement at issue arises out of a settlement conference called and chaired by the ERD, as opposed to the EEOC, for the ERD is principally, if not totally, concerned with settlement of the state (nonliability) claim only.

In Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969), the Seventh Circuit specifically held that it is perfectly proper to pursue relief from employment discrimination both through the federal court under 42 U.S.C. § 2000e, et seq., and through arbitration under a collective bargaining contract.

"While we recognize that there is a burden placed on the defendant who

must defend in two different fora, we also note that there may be crucial differences between the two processes and the remedy afforded by each. Also, * * * the arbitrator may consider himself bound to apply the contract and not give the types of remedy which are available under the statute. * * *" Id., at 715.

Similarly, in Hutchings v. United States Industries, Inc., 428 F.2d 303 (5th Cir. 1970), it was held that an employee was free to sue under the 1964 Civil Rights Act after an adverse determination under a collective bargaining contract-arbitration procedure.

" * * * An arbitration award, whether adverse or favorable to the employee, is not per se conclusive of the determination of Title VII rights by the federal courts, nor is an intermediate grievance determination deemed 'settled' under the bargaining contract to be given this effect." Id., at 311.

Title VII of the 1964 Civil Rights Act affirmatively encourages voluntary settlement or settlement under state law. It would be inappropriate to hold that the pursuit of state remedies or the settlement of state law claims would result in a waiver of federal claims per se, for such a rule could only chill what the Act attempts to encourage.

While Mr. Lopez has been re-employed, such re-employment does not moot this suit. Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968). Should plaintiff ultimately succeed in this suit, this court can fashion relief so as to preclude any "duplicate relief which would result in an unjust enrichment or windfall." Bowe, supra, 416 F. 2d at 715. See Voutsis v. Union Carbide Corp., 452 F.2d 889 (2d Cir., 1971), reversing 321 F.Supp. 830 (S.D.N.Y.1970), which fully supports the decision reached here.

It is therefore ordered that defendant's motion to dismiss be and it hereby is denied.