Amanda COOPER et al., Plaintiffs-
Appellants,

v.

PHILIP MORRIS, INC., Tobacco Work-
ers International Union Local No. 16,
Defendants-Appellees.

No. 71-2026.

United States Court of Appeals,
Sixth Circuit.

June 29, 1972.

Jack Greenberg, New York City, for
plaintiffs-appellants; William L. Robin-
son, New York City, Darryl T. Owens,
Neville M. Tucker, Tucker & Schneider,
Louisville, Ky., on brief; Albert Rosen-
thal, New York City, of counsel.

Edward F. Butler, New York City, for
Philip Morris, Inc.; Myron D. Cohen,
New York City, John E. Tarrant, Bert
T. Combs, Martin Roach, Louisville, Ky.,
on brief; Conboy, Hewitt, O'Brien &
Boardman, New York City, Tarrant,
Combs, Blackwell & Bullitt; Louisville,
Ky., of counsel.

Herbert L. Segal, Louisville, Ky., for
Tobacco Workers International Union
Local No. 16; Segal, Isenberg, Sales &
Stewart, Louisville, Ky., John de J. Pem-
berton, Jr., Acting Gen. Counsel, Julia
P. Cooper, Chief, Appellate Section,
Charles L. Reischel, John F. Goemaat,
Attys., Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, ED-
WARDS, Circuit Judge, and Mc-
ALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Appellants appeal from summary
judgment dismissing their complaint
(claiming discrimination in conditions
of employment) against appellees, Philip
Morris, Inc. and Tobacco Workers Inter-
national Union, Local No. 16.

Appellants are Negro employees of
Philip Morris who have filed a com-
plaint under Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e et
seq. They claim that the action should
be treated as a class action, that the se-
niority system agreed upon between Phil-
ip Morris and the union perpetuated the
effects of long-standing discrimination
engaged in between 1953 and the effec-
tive date of the Civil Rights Act, and
that they are entitled to jobs in accord-
ance with their dates of hire, back pay,
and attorneys' fees.

The defense to this action basically is
that the same charges of discrimination
previously have been filed before the
Kentucky Commission on Human
Rights; that the Kentucky Commission
granted a full six-day hearing and en-
tered orders which have now been en-
forced. Those orders granted class re-
lief to essentially the same class now
sought to be represented by plaintiffs
and ordered restoration to jobs, in ac-

cordance with their dates of hire. However, the Kentucky Commission denied back pay, holding that "the evidence was too speculative." The Commission also denied any attorneys' fees. Appellees contend that the Judge's grant of summary judgment should be affirmed on grounds of res judicata or collateral estoppel.

The District Judge who decided this case on appellees' motions for summary judgment held:

> Plaintiffs chose to litigate their charges to a final adjudication under the Kentucky Act. That election of forums and the determination of the Kentucky Commission (which Plaintiffs do not assail as unfair) is binding upon them and precludes them from maintaining this action with respect to their civil rights claims.

The District Judge thus decided this case as a matter of law and without weighing or taking evidence. In doing so, he relied upon:

> See Dewey v. Reynolds Metals Co., 429 F.2d 324 (6th Cir.1970), aff'd per curiam 39 U.S.Law Week 3526 [402 U. S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267] (June 1, 1971); Voutsis v. Union Carbide Corp., *supra* [321 F.Supp. 830 (S.D.N.Y.), rev'd 452 F.2d 889 (2d Cir.1971)]; Washington v. Aero-Jet General Corp., 282 F.Supp. 517 (C.D. Cal.1968).

The *Dewey* case, however, was fully tried in the District Court and was decided on the merits by this court and the Supreme Court. It is true, of course, that the alternative holding in *Dewey* (that a final arbitration award barred relief) may be argued in support of the District Judge's holding. But, of course, we do not deal here with arbitration or the great federal interest in strengthening and maintaining its effectiveness. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.

2d 1409 (1960); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).

The *Aero-Jet General Corp.* case was decided on the doctrine of election of remedies (by use of a grievance procedure)—a doctrine which this court squarely rejected. Newman v. Avco Corp. etc., 451 F.2d 743 (6th Cir.1971).

The *Voutsis* court opinion relied on by the District Judge is directly in point; but it has been reversed by the Second Circuit since the District Court decision in this case. Voutsis v. Union Carbide Corp., 452 F.2d 889 (2d Cir. 1971).

The Second Circuit's holding in *Voutsis* squarely rejects the application of the doctrines of res judicata and collateral estoppel as bars to a federal court Title VII complaint where there had been prior state agency action. The Second Circuit's reasoning is sufficiently pertinent to our present problems to warrant quotation at some length:

> The Congressional policy here sought to be enforced is one of eliminating employment discrimination, and the statutory enforcement scheme contemplates a resort to the federal remedy if the state machinery has proved inadequate. The federal remedy is independent and cumulative, *cf*. Vaca v. Sipes, 386 U.S. 171, 177–180, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and it facilitates comprehensive relief. Oatis v. Brown [Crown] Zellerbach Corp., 398 F.2d 496, 498 (5th Cir.1968) (class action permissible). While plaintiff may ultimately achieve some individual relief in the state proceedings which might bar her from duplicate relief here, Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 715 (7th Cir.1969), the federal claim allows the district court to conduct a "full scale inquiry into the charged unlawful motivation in employment practices." Jenkins v. United Gas Corp., 400 F.2d

28, 33 (5th Cir.1968), and to award broad relief, perhaps for the entire class of employees of which appellant is a member. *See* Section 706(a), 42 U.S.C. § 2000e–5(a) (". . . the Commission shall endeavor to *eliminate* any such alleged unlawful employment practice . . .") (emphasis supplied), and Section 706(g), 42 U.S.C. § 2000e–5(g) (". . . the court may . . . order such affirmative action as may be appropriate . . ."). The "harsh" and "technical" procedural rule of election of remedies, Great American Insurance Co. v. Merchants & Manufacturers Mutual Insurance Co., 423 F.2d 1143, 1146 (6th Cir.1970), is not applicable to a Title VII civil rights plaintiff, because the purposes underlying enactment of that Title were clearly based on the congressional recognition that ". . . state and local FEPC laws vary widely in effectiveness. In many areas effective enforcement is hampered by inadequate legislation, inadequate procedures, or an inadequate budget. Big interstate industry cannot effectively be handled by the States." The system of remedies is a complementary one, with the federal remedy designed to be available after the state remedy has been tried without producing speedy results.

We also agree with the conclusion of the Fifth, Sixth and Eighth Circuits that the doctrines of *res judicata* and *collateral estoppel* do not bar appellant as a matter of law. Tipler v. E. I. DuPont deNemours & Co., 443 F.2d 125 (6th Cir.1971) (prior determination by NLRB); Taylor v. Armco Steel Co., 429 F.2d 498 (5th Cir. 1970) (judicial determination prior to Civil Rights Act); Hutchings v. United States [Industries, Inc.], 428 F. 2d 303 (5th Cir. 1970) (arbitration award); Norman v. Missouri Pacific R.R., 414 F.2d 73 (8th Cir.1969) (judicial determination under Railway Labor Act). *But see* Dewey v. Reynolds Metals Co., 429 F.2d 324 (6th Cir. 1970), aff'd per curiam without opinion, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971) (4–4 decision) (arbitration award interpreting collective bargaining contract). Voutsis v. Union Carbide Corp., *supra* at 893–894. (Footnotes omitted)

*Voutsis* closely parallels Judge Sobeloff's scholarly treatment of the instant problem in Robinson v. Lorillard Corp., 444 F.2d 791 (4th Cir.), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). Although we as yet have no factual record in our instant case, the pleadings and briefs suggest a striking factual similarity between *Robinson* and our instant appeal, although in *Robinson* the prior adjudication relied upon as a bar or waiver was an Equal Employment Opportunity Commission proceeding. Concerning the back pay issue (the critical issue in *Robinson* and our instant case) the Fourth Circuit said:

In our case, because the obligation to provide back pay stems from the same source as the obligation to reform the seniority system, any general defenses relevant to the back pay award were equally relevant to the suit for injunctive relief. Any specific defenses related only to computation of back pay may be raised during the process of assessing individual back pay claims, possibly before a special master. The defendants have in no way been prejudiced by the belated claim. Robinson v. Lorillard Corp., *supra* 444 F.2d at 803. (Footnote omitted.)

By what we have said to this point, we do not mean to suggest that our reversal and remand of this case is an obvious conclusion or to deny that there is dictum in some case law which may be cited as persuasive of a contrary result. *Cf. Dewey, supra;* Spann v. Kaywood Div., Joanna Western Mills Co., 446 F.2d 120 (6th Cir.1971).

We are, however, persuaded to the course we now adopt partly by the logic of the cases we have cited and quoted

above, but perhaps even more definitely by a 1972 amendment to Title VII of the Equal Opportunity Act. Here very recently the Congress considered our same problem and established a statutory standard as to the effect of a prior state Fair Employment Practices Commission decision:

In determining whether reasonable cause exists, the Commission shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the [deferral] provisions of subsections (c) and (d). 42 U.S.C. § 2000e-5(b), as amended by Pub.L. 92-261; 86 Stat. 103 (1972).

We recognize, of course, that the District Judge could not have had the benefit of this statutory change, that it is not applicable retroactively, and that it is squarely addressed to the EEOC rather than the courts. Nonetheless, the just quoted standard of weight and respect to be given to a prior state agency adjudication is one which comports with the remedial purposes of the Equal Employment Opportunity Act and with the prior case law in this circuit (*see* Newman v. Avco Corp., etc., *supra*), and we now adopt it.

While these considerations are determinative of our result in this case, we note appellants' additional arguments that the class of plaintiffs in this suit differed somewhat from that involved in the action before the Kentucky Commission, that by Kentucky law no relief was available concerning attorneys' fees where federal law provides for such under appropriate circumstances, and that Kentucky evidence rules pertaining to back wages differ substantially from the rules applicable in the federal courts. These differences provide an alternative ground for the result we have reached.

For these reasons we vacate the judgment of the District Court and remand for an evidentiary hearing during which the District Judge shall "accord substan-

tial weight to final findings and orders" previously entered in the premises by the Kentucky Human Rights Commission.