Narcisse **BATISTE** et al., Plaintiffs,

v.

**FURNCO CONSTRUCTION CORPORA-
TION**, a corporation, et al., Defendants.

No. 71 C615.

United States District Court,
N. D. Illinois, E. D.

Oct. 30, 1972.

Charles Barnhill, Jr., Davis, Miner & Barnhill, Chicago, Ill., for plaintiffs.

Joel H. Kaplan, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

This class action for injunctive and other relief was brought to vindicate plaintiffs' civil rights pursuant to 42 U. S.C. § 2000e–5 and § 1981 (1970). For the reasons stated below, disposition of the pending motions in this case shall be

as follows: Defendant Furnco Construction Corp.'s (Furnco's) motion for summary judgment is denied. Summary judgment is granted in favor of defendants United States Steel Corp. (U.S. Steel) and Arthur G. McKee & Co. (McKee). Plaintiffs are granted leave to proceed as a class. Summary judgment is granted in favor of plaintiffs, whose recovery in this proceeding is limited to the attorney's fees they incurred in prosecuting their action against Furnco in federal court. Plaintiffs are given twenty days to submit their bill of costs for approval.

## I. Facts.

In June, 1969 Furnco began work on the construction of a new blast furnace at U. S. Steel's South Works Plant in the Chicago area. The primary contractor, McKee, had employed Furnco as a subcontractor to perform the refractory work, which is the installation of brick in a blast furnace and requires a certain amount of expertise on the part of the workmen who do it. During the period from September 29 through October 27, plaintiffs, Negro bricklayers, applied for employment with Furnco by contacting its foreman either at the job site or by telephone. Each of the named plaintiffs was told that he would be contacted when the company started hiring bricklayers, but that no hiring was in progress at that time. When Furnco subsequently hired a number of white bricklayers and did not hire plaintiffs, they filed timely complaints with the Fair Employment Practices Commission of the State of Illinois (FEPC) and the federal Equal Employment Opportunity Commission (EEOC).[1]

Extensive hearings were held before a hearing examiner of the FEPC, who recommended that the complaint be dismissed because there was no evidence to show that a white bricklayer was hired after he had applied subsequent to any of the complainants. The Commission itself, however, was of the opinion that the record did indeed contain such evidence and it ordered a comprehensive variety of compensatory and injunctive relief. That order is presently in the process of appeal before the courts of the State of Illinois.

An examination of the order[2] and of the provisions of the Illinois Fair Em-

---

1. A complaint was also filed with the National Labor Relations Board and dismissed, but that decision is not relevant here.

2. It is therefore ordered:

 1. That the Complainants be, and they are hereby, awarded the wages lost as a result of the discriminatory act; said damages to be computed by subtracting from the wages Complainants would have earned had they been employed by the Respondent, the amount of wages earned by the Complainants from the date of the alleged discriminatory act to the date that the job was completed; that the damages due Complainant Pendarvis be computed in a like manner from the date of his discharge to the date the job was completed.

 2. That the Respondent offer to employ each Complainant as a bricklayer on the next job it performs in Illinois, and that such offer be in writing, mailed by registered mail, return receipt requested, to each Complainant, at his last known address, not less than fourteen (14) days before bricklayers are needed on said job.

 3. That the Respondent instruct all of its supervisory personnel in Illinois, in writing, of the provisions of the Illinois Fair Employment Practices Act, and of their responsibilities under the said Act.

 4. That Respondent conspicuously post posters supplied by the Fair Employment Practices Commission, on all of its employee bulletin boards and in each of its offices used to interview job applicants and to continue to post such notices for a period to be determined by the Illinois Fair Employment Practices Commission.

 5. That Respondent cease and desist immediately from the unfair employment practices complained of herein and all other unfair employment practices.

 6. That the Commission shall retain jurisdiction to determine the amounts as set forth in Paragraph 1 above.

 7. That Respondent notify this Commission within thirty (30) days from the entry of this Order and its receipt by Respondent of what steps have been taken to comply with this Order.

ployment Practices Act, Ill.Ann.Stat. ch. 48 § 851 et seq. (Smith-Hurd 1966), reveals a marked similarity between that order and statute and the relief available under federal civil rights statutes, except for the recovery of attorney's fees provided by 42 U.S.C. § 2000e–5(k) (1970), which is apparently at the crux of the present action.

Upon receipt of the thirty-day notice provided by 42 U.S.C. § 2000e–5(e) (1970), all named plaintiffs except Sylvester Williams commenced the instant proceedings before this court. The case was then assigned to a magistrate, who entered summary judgment orders prior to the Seventh Circuit's decision in TPO, Inc. v. McMillen, 460 F. 2d 348 (7th Cir. 1972), which held that magistrates are without power to enter such orders. This necessitated the present proceeding, which is a de novo review of those summary judgment orders.

■ The foregoing sketch of the facts is all that is necessary in the instant proceeding, for plaintiffs have already had a full and comprehensive hearing of their claims before a competent state tribunal, whose judgment is considered final under the laws of Illinois. Hence, this court is bound by the principles of full faith and credit and res judicata to recognize that order as binding on at least all those issues that were raised before the Illinois FEPC.

## II. Summary Judgment for U.S. Steel and McKee.

■ Defendant U.S. Steel filed a motion to dismiss for failure to state a claim, calling the magistrate's attention to certain supporting documents filed with defendant McKee's motion for summary judgment. The magistrate treated this as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b) and granted both summary judgment motions in favor of U.S. Steel and McKee. These decisions were based on a finding that neither of the two defendants could be regarded as principals of Furnco in

matters of employment. Hence, they were not legally responsible for Furnco's employment practices. In their brief to review the magistrate's final order plaintiffs state that they chose not to challenge these decisions and in any event this court finds that they were correct as to both matters of fact and of law.

## III. Class Action.

■ Plaintiffs have sought leave to proceed as a class representing all Negro bricklayers who are or might ever become the victims of defendant Furnco's racially discriminatory employment practices. They have alleged all the prerequisites of Rule 23(a) and further allege that defendant has acted or refused to act on grounds generally applicable to the class, that questions of law and fact common to members of the class predominate over any questions affecting only individual members, and that a class action is the best method for the fair and efficient adjudication of the controversy. Defendant's objections to the maintenance of a class action for the most part relate to a class other than that drawn by plaintiffs, who do not seek to represent all Negro bricklayers but only those who are or might become the victims of Furnco's racial discrimination. Thus, the fact that defendant hired some Negro bricklayers does not render untenable the assertion that it did not or will not discriminate against others. It is those others whom plaintiffs seek to represent.

Defendant's objection that plaintiffs have presented no evidence that the class is so numerous that joinder of all members is impracticable is not well-taken. The Seventh Circuit has held, "A suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic. . . ." Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 719 (7th Cir. 1969). Thus, this court feels constrained to overrule defendant's objections and allow plaintiffs to proceed as representatives of a class.

In line with the holding of Bowe v. Colgate-Palmolive Co., *supra*, it is also clear that Sylvester Williams' failure to comply with the thirty-day filing requirements of 42 U.S.C. § 2000e–5(e) (1970) will not bar his recovery in this suit. *Accord*, Miller v. Int'l Paper Co., 408 F.2d 283, 285 (5th Cir. 1969). Nor can membership in the class be restricted to individuals who have filed charges with the EEOC prior to the institution of this suit. Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968).

*IV. Summary Judgment for Plaintiffs.*

As stated at the outset, this court grants summary judgment in favor of plaintiffs and allows them to recover so much of their attorney's fees as were incurred in prosecuting this action against the defendant Furnco. Plaintiffs would have this court rest its decision on a finding, based upon the record and opinion of the Illinois FEPC, that sufficient facts have been shown to prove defendant guilty of discrimination as a matter of law under 42 U.S.C. § 2000e (1970). Defendant, on the other hand, asserts that any further relief that might be forthcoming from this suit is barred by the full faith and credit and res judicata effects of the FEPC's decision. Although both parties have taken opposite positions on the issue of res judicata, it appears that neither genuinely desires an evidentiary hearing before this court, for such a hearing would substantially duplicate the volume of testimony already on record before the Illinois FEPC.

Res judicata usually means that when a court of competent jurisdiction has rendered a final judgment on the merits of an action, equity will bar a subsequent suit between the same parties on the same cause of action not only as to matters which were decided but also as to those matters which might have been decided. Pan American Match, Inc. v. Sears, Roebuck & Co., 454 F.2d 871 (1st Cir. 1972); Intertype Corp. v. Clark-Congress Corp., 240 F.2d

375 (7th Cir. 1957). The full faith and credit clause of the Constitution operates in a similar fashion. *See also* 28 U.S.C. § 1738 (1970). Res judicata, of course, also applies to the final decisions of administrative agencies, such as the Illinois FEPC. U. S. v. Utah Constr. & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Moreover, Illinois courts would recognize the FEPC decision as res judicata on subsequent litigation even though an appeal is now pending. Sixty-Third & Halsted Realty Co. v. Goldblatt Bros., 342 Ill.App. 389, 96 N.E.2d 838, aff'd, 410 Ill. 468, 102 N.E.2d 749 (1951). Thus, plaintiffs would be barred from prosecuting this suit in federal court were the usual principles of res judicata applicable. However, they are not.

A growing body of case law in the area of civil rights has held that Congressional policy in ending employment discrimination based on race, sex, religion, or national origin overrides the traditional principles of res judicata at least where the prior tribunal failed to consider or was without the power to order the same kind of relief as is available under 42 U.S.C. § 2000e (1970). *E. g.*, Voutsis v. Union Carbide Corp., 452 F.2d 889 (2d Cir. 1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972); Tipler v. E. I. duPont de-Nemours & Co., 443 F.2d 125 (6th Cir. 1971); Taylor v. Armco Steel Corp., 429 F.2d 498 (5th Cir. 1970); Norman v. Missouri Pac. R.R., 414 F.2d 73 (8th Cir. 1969); Lopez v. State Foundry & Machine, Inc., 336 F.Supp. 34 (E.D. Wis.1972). The only limited exception to the general rule of these cases is Dewey v. Reynolds Metals Co., 429 F.2d 324 (6th Cir. 1970), aff'd per curiam without opinion, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971), which held that an employee who voluntarily submitted his discrimination claim to a collective bargaining arbitrator could not bring suit after the grievance had been finally adjudicated by arbitration.

But, although the above cases have narrowed the doctrine of res judi-

cata, they have by no means dispensed with it in civil rights actions. Rather, the controlling issue is whether the first forum had the power to award the same relief as is available under 42 U.S.C. § 2000e (1970), assuming that it was otherwise a tribunal of competent jurisdiction and that its order was a final decision on the merits. Under this standard, the decision of the Illinois FEPC is binding on all those issues presented to it by the parties because the Commission had virtually the same power to award relief in this case as could a federal court. Thus, among other things, plaintiffs recovered back pay and injunctive relief that this court finds to be adequate to protect their entire class. The only form of relief which is in the power of this court to grant and which plaintiffs did not receive from the FEPC is their attorney's fees. By limiting plaintiffs' federal recovery to such fees this court is following the mandate of the Seventh Circuit and has sought to fashion an award "so as to preclude duplicate relief" at both the state and federal level. Bowe v. Colgate-Palmolive Co., *supra* 416 F.2d 711, at 715. This is also in accordance with the 1972 amendment to 42 U.S.C. § 2000e–5(b), which directs the EEOC to accord substantial weight to the findings and orders of state authorities.

 The federal civil rights statute authorizes a discretionary award of counsel fees for "any action or proceeding under" Subchapter VI.—Equal Employment Opportunities. 42 U.S.C. § 2000e–5(k) (1970). Whether that provision empowers this court to award counsel fees incurrd in both state and federal proceedings brought to vindicate civil rights or is limited to fees associated only with the prosecution of the federal remedy is a question that need not be decided in order to justify the order in the instant proceeding, for the statute

makes the award of fees discretionary. The statute also allows civil rights complainants the opportunity to prosecute their claims in either state or federal court, but does not require an election between the two remedies. Bowe v. Colgate-Palmolive Co., *supra*. *See generally*, Developments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv. L.Rev. 1111, 1222–27 (1971). However, the fact that the state and federal remedies are complementary does not mean that a federal court should award attorney's fees for both actions.

 The decision to allow or not to allow the recovery of attorney's fees in a civil rights case rests in the first instance with the state or federal legislature whose decision in this matter is an expression of the particular jurisdiction's public policy. The Illinois Fair Employment & Practice Act, Ill.Ann. Stat. ch. 48 § 851 et seq. (Smith-Hurd, 1966), is silent as to the recovery of counsel fees, so it can be assumed that the general rule against the recovery of such fees will apply to civil rights cases in Illinois just as it does to any other but the exceptional case. Such is not the policy of 42 U.S.C. § 2000e–5 (1970), yet plaintiffs chose to present their evidence before the state rather than the federal tribunal mindful of the fact that they could recover counsel fees under one statute but not under the other. Under these circumstances, this court is of the opinion that Illinois law and policy should control plaintiffs' Illinois claim and therefore deems inappropriate an award of counsel fees for the state proceeding. Consequently, plaintiffs' recovery in this court shall be limited to its costs and attorney's fees incurred in prosecuting their federal claim against the defendant Furnco. Such costs do not include the expenses of the hearings and other appearances before the FEPC.