861 F.2d 721
 49 Fair Empl.Prac.Cas. 1512
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond RHONE, Plaintiff-Appellant,
v.
Preston TISCH, Defendant-Appellee.
 No. 87-3992.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Rhone appeals the granting of a summary judgment to Tisch, his former employer. Rhone claims to have sued for race and sex discrimination, but the previous decisions in this case addressed only his race discrimination claim, and Rhone appeals on the basis of only his sex discrimination claim. We affirm.
 
 
 2
 * Rhone was employed by the United States Postal Service (USPS) in 1968 in the Cleveland General Mail facility. In late 1983 or early 1984, the USPS discovered that employees were gambling at work. Rhone was identified as the "operator" of a numbers game. Rhone was tried in municipal court by a jury and found guilty of gambling.
 
 
 3
 On March 26, 1984, after the USPS had investigated the matter and made a video tape of employees handing money to Rhone, Rhone received a letter of termination effective April 30, 1984. He was charged with violating Chapter 661.56 of the Postal Service Code of Ethics, gambling on USPS premises. Rhone claims that the video tape shows co-workers returning money that he had loaned them as a favor, not placing bets.
 
 
 4
 Rhone filed a grievance through his union, which was denied because of a procedural defect admittedly caused by his union representative, who failed to perfect his appeal. Eleven other employees also were terminated in connection with the alleged gambling scheme: ten were black, one was white; six were female and five were male. Rhone claims that five of the females succeeded in having their removals modified to 14-day suspensions in the course of the grievance proceedings. The USPS claims that the modifications applied to three males and two females, not five females as Rhone alleges. The trial judge found that the record reflected the veracity of the USPS's version of the events. The record does establish Rhone's claim that the five employees whose removals were modified were charged not only with gambling, but also with failure to cooperate in the USPS investigation.
 
 
 5
 On May 18, 1984, Rhone filed informal charges alleging race and sex discrimination. On June 23, 1984, Rhone signed a formal complaint which was prepared by the EEO counsellor. This formal complaint mentions only race discrimination. Rhone claims that he assumed that it charged the USPS with both race and sex discrimination, as had his informal complaint. However, a five-page handwritten, sworn statement written and signed by Rhone, and attached to his formal complaint, mentions only race discrimination. In fact, in this statement, Rhone charges that "race is the only motivation for the action of removing me." (App. 66).
 
 
 6
 Rhone also claims that an EEOC letter dated September 27, 1984, notifying the parties of its progress in this case mentioned both race and sex discrimination, and, thus, because this letter was received by the USPS, the USPS has waived any claim that he failed to exhaust his administrative remedies. The USPS claims that this letter's mention of sex discrimination was administrative error; and that Rhone's failure to object to subsequent indications that only his race discrimination claim was being considered estops him from claiming waiver by the USPS.
 
 
 7
 An investigation was conducted by the EEOC, which reported on June 25, 1985, that it found no discrimination. On November 19, 1985, a hearing was held, but the union representative failed to ensure the production of all of Rhone's witnesses. The hearing officer found that Rhone had not made out a prima facie case of race discrimination. Rhone claims that he assumed that the hearing officer also considered his sex discrimination charges. However, at the beginning of the hearing, the hearing officer said that the purpose of the hearing was to examine only race discrimination charges, and there was no objection or comment from Rhone or his union representative at this time. (App.Vol. II at 7). Rhone claims that the hearing officer should have seen that both race and sex discrimination were raised in his informal complaint.
 
 
 8
 The USPS adopted the hearing examiner's findings as a final decision, and the EEOC Office of Review and Appeals (ORA) upheld the decision in July 1987. On November 26, 1986, before the ORA issued its decision, Rhone filed suit.
 
 
 9
 On August 31, 1987, the district court granted summary judgment to the USPS. The trial judge found that Rhone could not and had not made out a prima facie case of discrimination. He could not show that he had performed his job satisfactorily, nor that similarly situated employees who were not members of a protected class had been treated better than he had. Further, the trial judge opined that even if Rhone could establish a prima facie case of discrimination, the USPS had a legitimate business reason for his discharge. Finally, the district judge found that, on Rhone's claim of sex discrimination, he had not exhausted his administrative remedies because he had not raised a claim of sex discrimination in his formal charge. Thus, he could not present that issue to the district court on appeal; and even if he could, he could not make out a prima facie case of sex discrimination.
 
 II
 
 10
 On appeal, Rhone claims that he has exhausted his administrative remedies, and that it is the hearing examiner's error that he failed to consider the sex discrimination issue. He further claims that the USPS has waived its right to raise the exhaustion issue because it received a letter from the EEOC which mentioned both race and sex discrimination. Finally, Rhone claims that he did and can again establish a prima facie case of both race and sex discrimination.[1]
 
 
 11
 * The standard of review of Title VII discrimination cases is fairly high. "When reviewing the district court's factual findings in a Title VII discrimination case, we may not reverse unless we find that the district court committed clear error." Wrenn v. Gould, 808 F.2d 493, 499 (6th Cir.1987) (citing Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). " 'If the district court's account of the evidence is plausible ... the court of appeals may not reverse it even though ... it would have weighed the evidence differently.' " Ibid. "Furthermore, the [state] Civil Rights Commission finding [sic] 'no probable cause' of discrimination should be accorded substantial weight." Id. (citing Cooper v. Philip Morris, 464 F.2d 9 (6th Cir.1972)).
 
 B
 
 12
 The district judge found that Rhone had failed to exhaust his administrative remedies with respect to his sex discrimination claim. Exhaustion of administrative remedies is required before filing a Title VII claim for discrimination in a district court. Brown v. General Services Administration, 425 U.S. 820, 823-33 (1976). In particular, a federal employee must "first seek relief in the agency that has allegedly discriminated against him." Brown v. General Services Administration, 425 U.S. 820, 832 (1976). Then, the employee may seek relief in the Civil Service Commission or file suit within thirty days of receipt of notice of the agency's final decision. Ibid.
 
 
 13
 Rhone did file a grievance with the USPS which was unsuccessful due to procedural defects admittedly caused by his union representative. He then filed an informal complaint with his EEO counsellor in which he mentioned both race and sex discrimination. However, his formal complaint, which was filled out by his EEO counsellor, as well as the five page handwritten statement written and signed by Rhone himself, mentioned only race discrimination. In fact, Rhone said that "race is the only motivation for the action of removing me." In addition, the hearing examiner began the EEOC hearing by stating that the purpose of the hearing was to examine race discrimination charges. In all, there is only one reference to sex discrimination after Rhone's informal complaint was filed, and that was the EEOC letter notifying the parties of the investigation date. However, that letter was not sent to Rhone; instead, it was sent to Rhone's representative. Thus, Rhone had no reason to think that his claim of sex discrimination was being considered at any time after filing his informal complaint, and never once did he object to what he now says was a prejudicial omission.
 
 C
 
 14
 Rhone makes two additional arguments regarding exhaustion of remedies. First, Rhone claims that the USPS is estopped from claiming that he failed to exhaust his administrative remedies for his sex discrimination claim because, when the EEOC sent the letter notifying the parties of the investigation date, it mentioned race and sex discrimination. Thus, the argument goes, at that point, the USPS was on notice that he had charged both race and sex discrimination.
 
 
 15
 The argument can be disposed of simply. "Equitable estoppel generally is not available against the government." Housing Authority of Elliot County v. Bergland, 749 F.2d 1184, 1190 (6th Cir.1984). Thus, because the defendant in this suit is the USPS, a government entity, equitable estoppel is not available. In addition, even if the defendant were not a government entity, Rhone would not be entitled to equitable relief. Despite any administrative error, Rhone's subsequent conduct negated any alleged notice created by the letter. Rhone made no objection to the omission of reference to his sex discrimination claim at his administrative hearing or at any later time. Further, as will be shown below, estoppel would not change the fact that Rhone's claim simply is without merit.
 
 
 16
 The second of Rhone's subsidiary arguments is that his alleged failure to exhaust his remedies should be waived or tolled by the court, which should consider the purpose of the exhaustion requirement when deciding whether to waive or toll that requirement. Brown v. Marsh, 777 F.2d 8, 14 (D.C.Cir.1985). The court should ask whether the "plaintiff would be substantially and unfairly prejudiced if dismissal on exhaustion grounds were permitted...." Ibid. In other words, the court should only toll or waive the exhaustion requirement if it determines that he has any chance of succeeding on the merits. Thus, we must briefly examine the merits of Rhone's claim.
 
 
 17
 The trial judge determined that Rhone could not make out a prima facie case of either race or sex discrimination because he had not performed his job satisfactorily, and he had broken his employer's rules. In addition, the judge found that there were no similarly situated employees who were not members of a protected class who were treated better than he was. Furthermore, the modifications of some of the other employees' punishments occurred during the grievance procedure, and so could not have been the result of discriminatory treatment by the USPS. Finally, even if Rhone could make out a prima facie case of discrimination, the employer had a legitimate business reason for terminating Rhone, thereby rebutting any claim of discrimination.
 
 
 18
 The trial judge was correct on all of these points. With respect to the prima facie case, Rhone cannot meet the four criteria required by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). He can satisfy the first criterion, showing that he is a member of a protected class. Ibid. However, because he has been disciplined before, and his work history is far from perfect, he cannot show that he remained qualified for the job, which is the second McDonnell Douglas criterion. Ibid. In addition, he now has been convicted of gambling, which affects his job qualifications. Even if the conviction does not per se disqualify him, because he has broken his employer's internal rules, he is less fit to serve. Thus, Rhone cannot establish a prima facie case of discrimination.
 
 
 19
 Even if he could make out a prima facie case of sex or race discrimination, the USPS had a legitimate business purpose for terminating him. To rebut the prima facie case, the employer must "clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981). If that burden is carried, the "presumption raised by the prima facie case is rebutted...." Ibid. It is entirely reasonable to fire a person who has been charged and convicted of committing a crime on an employer's premises. Because Rhone was found to be the operator of the gambling scheme, it makes perfect sense to have punished him more severely than the other participants. If the employer is concerned that other employees will be corrupted, the intelligent thing to do would be to remove the source of the crime. The employer's alleged reason for terminating Rhone was extremely legitimate.
 
 
 20
 Furthermore, "it is the plaintiff's task to demonstrate that similarly situated employees were not treated equally." Burdine, 450 U.S. at 258 (citing McDonnell Douglas, 411 U.S. at 804). Rhone cannot show that similarly situated employees who were not members of a protected group were treated differently; there were no white males involved. The trial court found that the modifications applied to three black females and two black males. In addition, if there was unequal treatment which was not based on Rhone's greater involvement with the gambling scheme, it happened during the grievance process, and so cannot be blamed on the employer. Thus, Rhone cannot make out a case of either race or sex discrimination, and the trial judge should be affirmed.
 
 
 21
 Thus, it would be futile for the court to waive or toll the exhaustion requirement so that Rhone could be allowed to try his sex discrimination claim. As has been shown, he cannot substantiate that claim. Thus, because Rhone cannot succeed on the merits of his claim, he is not "substantially and unfairly prejudiced ..." by dismissal on grounds of exhaustion. Marsh, 777 F.2d at 8.
 
 III
 
 22
 Rhone has failed to exhaust his administrative remedies, and waiver is inappropriate because he cannot succeed on his sex discrimination claim. He cannot make out a prima facie case and, even if he could, he cannot rebut the USPS's allegation of a legitimate business purpose for terminating him. Thus, the trial court's judgment is AFFIRMED.